In the Matter of Phyllis **PETERSON**, now known as Phyllis Martin, Court Reporter.
**UNITED STATES** of America, **Plaintiff-Appellee,**

v.

**Robert MARSHALL et al.,**
**Defendants-Appellants.**
**Nos. 72–3195, 72–3185 and 72–3186.**

United States Court of Appeals, Ninth Circuit.
April 2, 1974.

Order in accordance with opinion.

------◆------

Louis S. Rimbach, Sherman Oaks, Cal., for Peterson.

Robert H. Lund (argued), Long Beach, Cal., for appellant (Eischen and Morgan).

Major A. Langer (argued), of Delmer, Perona, Langer & Bergvist, Long Beach, Cal., for appellant (Marshall).

Gregory C. Glynn, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and BURNS,* District Judge.

## OPINION

DUNIWAY, Circuit Judge:

This proceeding grows out of the appeals in United States v. Marshall, 9 Cir., 1973, 488 F.2d 1169. In our opinion in that case, we set out, line for line, with all indentations, portions of the 1,410 page reporter's transcript, to show the format in which that transcript was prepared by the reporter. We also described the controversy about the transcript (see 488 F.2d at 1196–1204).

When our opinion was filed, we issued an order directing the reporter to show cause why she should not be required to repay the moneys that were paid to her as a result of the trial judge's order to show cause. The reporter responded in writing, and requested a hearing, which was held on March 5, 1974. This opinion constitutes our findings of fact and conclusions of law.

Fees of the reporters in the United States Courts for transcripts are prescribed by the Judicial Conference, pursuant to 28 U.S.C. § 753(f). The Conference, at its September 19–20, 1968 session, fixed the fees at $1.00 per page for the original and $0.40 per page for each copy. (Report of the Proceedings of the Judicial Conference of the United States, Sept. 19–20, 1968, page 58.) The Conference has also set standards for transcripts as follows:

> A page shall consist of 25 lines written on paper 8½ by 11 inches in size, prepared for binding on the left side, with 1¾ inch margin on the left side and ⅜ inch margin on the right side. Typing shall be 10 letters to the inch.

On May 9, 1969, the Director of the Administrative Office of the United States Courts sent a memorandum to all official United States Court Reporters, enclosing a copy of the foregoing standard, and stating in part:

> It has been brought to my attention that some court reporters have not been following the standards for transcript established by the Judicial Conference of the United States.
>
> The most frequent violations have been:
>
> 1. Typing 21 lines to the page instead of the prescribed 25; and
> 2. Reducing margins from the prescribed 1¾ inches and ⅜ inch so that lines are shortened appreciably;
> 3. Using typewriters that provide more [sic] characters per inch than prescribed.

The result of these practices is, obviously, to add to the number of pages of transcript. Equally obviously, that practice increases the cost of transcript to the litigants. Such in-

---

* The Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

creases in my opinion can only be considered overcharges, which may run as high as 25%. Private parties, in my opinion, have legitimate complaints against these practices and may well press them. With respect to Criminal Justice Act and *in forma pauperis* cases, the United States Government pays the transcript costs. It is unreasonable to ask for appropriations from the Congress to pay for overcharges.

In the transcript in these cases, the left-hand margin of the page is expanded by ¼ inch or ⅜ inch in every volume. The right-hand margin is expanded substantially and unnecessarily on a high percentage of the lines. Four volumes were typed on a machine that produces less than ten letters per inch. The reporter asserts that the Director's memorandum never came to her attention. We find this assertion incredible.

The final sentence of the Director's memorandum reads:

It is my belief that violations are not widespread and that we can rely on the professional ethics of United States court reporters to eliminate them entirely.

It is in this area that we find the reporter's format used in preparing the transcript improper, in two principal respects.

The first respect is that, throughout the transcript, the first line of each paragraph begins not less than 2¾ inches inside the margin, and in most volumes three inches inside the margin. We find that the usual standard indentation for paragraphs is five letters or ½ inch. Thus this reporter shortens her lines at the beginning of the paragraphs by 2¼ or 2½ inches. What this does in adding pages can be seen from the quoted transcript at 488 F.2d 1197–1198.

The second respect is that this reporter very often makes each sentence of a question or answer into a new paragraph, often even when a sentence consists of one or two words, such as "all right," "yes, sir," "No," etc. Examples appear throughout the transcript quotations in 488 F.2d 1176–1188 and 1197–1198. This, too, is bound to increase the number of pages in the transcript.

To the foregoing, the reporter makes several responses.

First, she says that other reporters in the Central District of California do the same thing. This reminds us of the burglar who claims that he should not be charged because some other burglars are never caught. Moreover, the response is not accurate. Our inspection of other reporter's transcripts in Central District cases (see 488 F.2d 1203, and fn. 11) does not bear out her assertion. At the hearing, her counsel did not dispute the accuracy of our observation. Some of the reporters indent more than ½ inch for paragraphs; none does it to the exaggerated degree that this reporter does. Nor do they repeatedly transform sentences into paragraphs.

Second, she says that when she became a federal court reporter she was told by experienced reporters to prepare her transcripts as she does. She names no person who told her this, and we do not accept this explanation.

Third, she concedes that it was improper to use the "spread type" (less than ten letters to the inch) that was used in preparing four of the thirteen volumes of the transcript, and claims that it was used without her knowledge. By a computation based upon a small sample, she concludes that she should repay $83.60.

Fourth, again by a sampling process, she has retyped three portions of the transcript, of ten pages each, in what she asserts is the proper form. By extrapolation from this sample, she arrives at a total excess charge (including the spread type item) of $329.90, which she concedes should be refunded. We doubt the sufficiency of the sample. We also note that in her retyped samples, her indentation for paragraphs is one inch, not ½ inch, and that she has made no allowance for transmutation of sentences into paragraphs. We therefore do not accept the concession as sufficient.

There is expert evidence, by a reporter of long experience, that by reason of this reporter's format in preparation of the transcript, "the cost of the transcript would be almost doubled." (See 488 F.2d at 1202, fn. 10.) While we are persuaded by our own examination of the transcript that this opinion overstates the unnecessary costs, it is much closer to the mark than the reporter's $329.90 figure which substantially understates the excess.

We cannot accept the reporter's claim that what she did was done innocently, upon the advice of others. Her method of preparing a transcript is so unusual as to be startling. We find that it was used with the intent to enhance the reporter's fees.

On the whole record, we find that a fair estimate of the overcharge is one-third of the total bill, or $1,337.66. We round this figure off to $1,300.00. One-half of this figure, or $650.00 should be refunded to each of the attorneys. who paid one-half of the reporter's bill. An order will be entered accordingly.