**In the Matter of Marian J.
HOLLOWAY, Court
Reporter.**

**SECO NEVADA, INC., a Nevada
corporation, Plaintiff–Appellant,**

v.

**John McMORDIE; Patrick Crouch;
Joseph Praegar; Vernon W. Reif,
Defendants–Appellees.**

**No. 87–1594.**

United States Court of Appeals,
Ninth Circuit.

Submitted October 26, 1988.*

Decided Sept. 5, 1989.

Julian C. Smith, Jr. and Pauline Simmons, Julian C. Smith, Jr., Ltd., Carson City, Nev., for plaintiff-appellant.

Mike Pavlakis, Carson City, Nev., Ronald D. Nickum, Amarillo, Tex., Robert A. McQuaid and Bruce R. Laxalt, Reno, Nev., for defendants-appellees.

Before HUG, BRUNETTI and NOONAN, Circuit Judges.

PER CURIAM:

This diversity action arose out of the sale of cattle by defendant McMordie to plaintiff. The court's opinion today is concerned only with the conduct of the court reporter, Marian J. Holloway.

Appellant filed its notice of appeal in this matter on January 14, 1987. By January 23, 1987, Court Reporter Holloway had received at least a partial transcript designation form. On February 23, 1987, the Clerk received a letter from Holloway requesting a thirty-day extension in which to file the transcripts. Holloway's letter gave three reasons for requesting an extension: She was, at the time, taking over the work of another reporter who had died. Her typist had become ill, and she needed additional time to recruit and train a new typist. Finally, she had a number of other trials to transcribe. Before Holloway's February 23, 1987 letter could be acted upon, another letter was received from her on March 11, 1987. Holloway's March 11,

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

1987 letter requested an extension until June 30, 1987, or roughly another four months, to file the transcripts. In seeking this additional extension, Holloway relied on the reasons stated in her earlier letter as well as her claim that counsel might yet designate additional portions of the transcript.

On March 26, the court denied Holloway's March 11 motion, giving her until May 29, 1987 to file the transcripts. The March 26 order also required counsel to complete any necessary supplemental designations. On April 28, 1987, counsel did file a request for transcripts of an additional hearing. Holloway subsequently requested another extension until June 30, noting the additional transcript request. On June 2, the court granted Holloway the requested extension. Holloway was advised, however, that absent truly extraordinary circumstances no further extensions would be granted.

Holloway did not file the transcripts as required by the court's June 2 order. Her next communication with the court did not come until October 5. On that date Holloway advised the court that her transcripts would be completed by October 15. She stated that she had been required to help her elderly parents over a period of two months, and that her typist had not completed the transcript. On October 21, the court issued an order giving Holloway fourteen days to file the transcripts. She was again advised that no further extensions would be granted absent truly extraordinary circumstances. Again, Holloway did not meet the required deadline.

Counsel for appellant sent letters to the court on November 24, 1987 and January 15, 1988 requesting assistance. The Clerk's office issued an order on February 1, 1988, giving Holloway fourteen days to either file the transcripts or show cause why she should not be sanctioned. Holloway did not respond. On March 15, the court issued an order giving Holloway ten days either to file the transcripts or to pay $250 to the Clerk. The order further instructed the Clerk to impose a further fine of $50 for every working day after March 25 until the transcripts were filed. Almost a month later, on April 11, Holloway sought reconsideration of the March 15 order. She claimed that she had moved, and had not received the court's order until April 4. She also noted that she was involved in divorce proceedings with her husband, and that she expected to complete the transcripts by April 30. Holloway filed no transcripts on April 30, despite her pending request for reconsideration.

On May 12, 1988, this panel issued an order effectively superseding the earlier sanctions award and requiring Holloway (1) to pay $250 to the Clerk within fourteen days of entry of the order; (2) to file the transcripts on or before May 16; and (3) to pay $50 for every calendar day after May 16 until the transcripts were filed. The Marshal personally served Holloway with the panel's order on May 16.[1] To date, the transcripts remain unprepared.

The court is keenly aware of the demanding nature and volume of work handled by its court reporters, and has always taken such factors into account in reviewing reporter requests for extensions of time. Ms. Holloway, however, has abused her trust, relying on a variety of excuses for her failure to meet a long series of deadlines set for her. She has gone far beyond a simple failure to perform her duties under 28 U.S.C. § 753 and Fed.R.App.P. 11(b), and the result has been severe prejudice to both the parties and the court.[2]

This court has authority, both inherent and otherwise, to sanction Ms. Holloway. *In re Bjella*, 806 F.2d 211 (10th Cir.1986)

---

1. Copies of the court's orders of March 26 and October 21, 1987 and February 1, March 15, and May 12, 1988 were forwarded to the district court. *See* Fed.R.App.P. 11(b).

2. An independent investigation by the Office of Staff Attorneys suggests that Holloway was not licensed as a court reporter by the State of Nevada at the time she accepted employment with the district court. The sanctions imposed in this opinion, however, are based solely on Ms. Holloway's repeated and flagrant failures to meet court-imposed deadlines. Whether further penalties are appropriate due to Ms. Holloway's acceptance of employment with the district court is a separate matter for review by the U.S. Attorney, as provided by today's order.

(en banc); *see also In re Peterson*, 494 F.2d 746 (9th Cir.1974); Fed.R.App.P. 11.[3] Repeatedly, Ms. Holloway has been advised of the consequences of disregard for her obligations. The court modifies its order of May 12, 1988 as follows:

The sanctions imposed against Marian J. Holloway by the court's May 12 order reached the amount of $8,350 on October 26, 1988. The court's May 12 order is vacated insofar as it imposes sanctions beyond that amount, and insofar as it directs payment of the sanctions to the Clerk. Within thirty days of entry of this order, reporter Holloway shall either produce the ordered transcripts or shall pay $4,175 to appellant through its counsel and $1,043.75 to each of the four appellees through their counsel. If reporter Holloway does not produce the transcripts as required by this order, she shall, within thirty days of the filing of this opinion, also refund to appellant any funds advanced to her in anticipation of transcript preparation.

This matter is referred to the Office of the United States Attorney for a review of any representations made by Ms. Holloway in obtaining employment as a reporter in this matter.

The United States Marshall shall serve a copy of this order on Marian J. Holloway at her home address.

The Clerk shall forward a copy of this order to the district court and to the district court reporter monitor.

Further proceedings in the appeal are stayed pending the response of the parties to the court's modified order. Sanctions are imposed in accordance with this opinion.

---

**3.** Direct responsibility for the supervision of court reporters rests with the district court. 28 U.S.C. § 753(b), Report of the Proceedings of the Judicial Conference of the United States, Comm.Rep. 2 at 13–15 (March 1987); Report of the Judicial Conference of the United States, Comm.Rep. 2 at 2–4, 7–8 (March 1982); Third Amended Plan for Effective Utilization of Court Reporters, D. Nevada (September 26, 1984).

This court does, however, have inherent authority to impose sanctions in aid of the management of its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). Moreover, it has specific responsibility to ensure that the reporter files ordered transcripts in a timely fashion. Fed.R.App.P. 11(b).