958 F.2d 908
 Bradley D. TINGEY, husband; Amy E. Tingey, wife; Bradley
D. Tingey, as guardian ad litem for Trevor F.
Tingey, a minor, Plaintiffs-Appellants,
v.
PIXLEY-RICHARDS WEST, INC., a Massachusetts corporation;
Blue Cross & Blue Shield of Massachusetts, a
foreign corporation, Defendants-Appellees.
Bradley D. TINGEY, husband; Amy E. Tingey, wife, and
Bradley D. Tingey, as guardian ad litem for Trevor
F. Tingey, a minor, Plaintiffs-Appellees,
v.
PIXLEY-RICHARDS WEST, INC., a Massachusetts corporation,
Defendant-Appellant.
Bradley D. TINGEY, husband; Amy E. Tingey, wife; Bradley
D. Tingey, as guardian ad litem for Trevor F.
Tingey, a minor, Plaintiffs-Appellees,
v.
PIXLEY-RICHARDS WEST, INC., a Massachusettscorporation;
Roland "Buzz" Mosher, and Jane Doe Mosher, husband
and wife; John Does I through V; White
Corporation; Black
Corporation, Defendants,
and
Blue Cross and Blue Shield of Massachusetts, Defendant-Appellant.
 Nos. 89-15377, 89-15402, 89-15452.
 United States Court of Appeals,
Ninth Circuit.
 March 10, 1992.
 
 1
 Before GOODWIN and SNEED, Circuit Judges, and TAYLOR,* District judge.ORDER
 
 
 2
 This is a fee application by Pixley-Richards West, Inc. (Pixley) instituted as a consequence of our decision in Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124 (9th Cir.1992). In our decision on the merits, we ruled that the Tingeys' entire First Amended Complaint was preempted by ERISA § 514(a), 29 U.S.C. § 1144(a). We thus affirmed that portion of the district court's decision dismissing some counts of the complaint, and reversed as to those counts that the district court remanded to Arizona state court. Given the posture of the appeal and the district court's mistaken preemption analysis, however, we remanded this case to the district court with instructions to give the Tingeys a final opportunity to plead an ERISA cause of action proper. Pixley now comes to us as a prevailing party on the preemption question and seeks fees pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). We decline to award the sought-after fees.
 
 
 3
 In pertinent part, § 502(g)(1) provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." We, along with most circuits, have followed the case of Eaves v. Penn, 587 F.2d 453 (10th Cir.1978), in our interpretation of this section of ERISA. See Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452-53 (9th Cir.1980) (citing Eaves ). Eaves identified a five-factor test to be considered in determining whether a fee award is appropriate. Courts should look to: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Eaves, 587 F.2d at 465; Hummell, 634 F.2d at 453. We have also held, in Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410 (9th Cir.1984), that the Eaves/ Hummell five-factor test applies to both plaintiffs and defendants. See id. at 1415. We expanded the fee award analysis as to defendants particularly, however, noting that not all factors of the Eaves/ Hummell test are "necessarily decisive" or "pertinent in a given case." Id. at 1416. Moreover, we required that for a fee application by an ERISA defendant, careful consideration should be given to the seventh circuit's analysis in Marquardt v. North Am. Car Corp., 652 F.2d 715 (7th Cir.1981), by recognizing "that the Hummell factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." Russell, 726 F.2d at 1416.
 
 
 4
 Marquardt involved a "retired man in his sixties" who took a voluntary dismissal, withprejudice, of his suit to recover full pension benefits. 652 F.2d at 718. The court noted that Marquardt's ability to pay was an "important factor," and that it would be unjust for the district court to order him "to sacrifice even a part of his modest pension." Id. at 719. Marquardt points strongly toward a denial of the fee request. Here, Bradley and Amy Tingey have the responsibility of providing for their severely disabled son. As in Marquardt, we think it would be unjust, no matter the outcome of the Tingeys' suit now pending in the district court, to visit the Tingey family with Pixley's costs of appeal on the limited question of ERISA preemption. Therefore, factor number two of the Eaves/ Hummell test counsels against awarding fees to employer/defendants where, as here, the plaintiffs are individual beneficiaries of an ERISA-qualified plan who seek no more than a recovery of what they believe, rightly or wrongly, to be their just benefits.
 
 
 5
 We also have difficulty perceiving, at least at this point in the litigation, any bad faith on the part of the Tingeys in their pursuit of this appeal. Under the facts the Tingeys have alleged, they may be entitled to substantial recovery for the wrongful termination by Pixley of Bradley Tingey for the sole purpose of avoiding paying him and his family ERISA benefits. Whether their allegations are true is yet to be determined. It would be premature to speculate on any improper motives by the Tingeys for both filing their original suit and defending the district court's rulings on appeal. Factor one, at this point in the litigation, simply has no bearing on Pixley's fee application.
 
 
 6
 We are equally unpersuaded that factors three through five militate in favor of granting Pixley's fee request. We first address factor five, the relative merits of the parties' positions. Much of the Tingeys' efforts on appeal involved the unsettled procedural question of the reviewability of the district court's remand order. Our ruling on an unsettled question cannot support a fee award under factor five. It is true, as we made clear in our merits disposition of this case, that much of the Tingeys' complaint was obviously preempted. However, the district court erroneously ruled in the Tingeys' favor on six of their ten causes of action. It would be unjust for us to support a fee award to a defendant under factor five of the Eaves/ Hummell test when the plaintiff's position itself was in defense of the ruling of the trial court. As to the Tingeys' appeal of the district court's dismissal of their remaining four claims, each was clearly preempted by prior Supreme Court authority. However, these four counts were a relatively small part of the litigation as a whole and do not of themselves support Pixley's fee application.
 
 
 7
 There remain only factors three and four: whether an award of fees against the opposing party would deter others from acting under similar circumstances, and whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA. On these, we are again in essential agreement with the Marquardt case that they are "more appropriate to a determination of whether to award fees to a plaintiff than a defendant." 652 F.2d at 719; see also id. at 720-21. We see little benefit to be had by charging individual plan-beneficiary plaintiffs like the Tingeys with costs for policy reasons that speak more appropriately to institutional litigants in the ERISA arena.
 
 
 8
 APPLICATION DENIED.
 
 
 
 *
 Honorable Gary L. Taylor, United States District Judge for the Central District of California, sitting by designation