125 F.3d 715
 21 Employee Benefits Cas. 1657, 97 Cal. Daily
Op. Serv. 7191,
97 Daily Journal D.A.R. 11,688,
Pens. Plan Guide (CCH) P 23937G
ARIZONA STATE CARPENTERS PENSION TRUST FUND, a Trust; James
R. McDonald, Jr.; and Mark Minter, Plaintiffs-Appellants,
v.
CITIBANK, (ARIZONA), an Arizona banking corporation,
Defendant-Appellee.
 No. 94-16316.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 7, 1995.
Decided Sept. 8, 1997.
 
 1
 Gerald Barrett, Ward, Keenan & Barrett, Phoenix, Arizona; Barry E. Hinkle, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, California; Keith Overholt, Michael V. Perry, Glenn Hotchkiss, Shimmel, Hill, Bishop & Gruender, P.C., Phoenix, Arizona; Charles T. Stegall, Lee, Stegall, & Katz, P.C., Phoenix, Arizona, for plaintiffs-appellants.
 
 
 2
 Daniel Cracchiolo, Daryl Manhart, Ralph D. Harris, David M. Villadolid, Burch & Cracchiolo, P.A., Phoenix, Arizona, for defendant-appellee.
 
 
 3
 Stacey E. Elias, Trial Attorney, United States Department of Labor, Office of the Solicitor, Plan Benefits Security Division, Washington, DC, amicus curiae.
 
 
 4
 Appeal from the United States District Court for the District of Arizona; Robert C. Broomfield, District Judge, Presiding. D.C. No. CV-91-00958-SMM
 
 
 5
 Before: WALLACE and THOMPSON, Circuit Judges, and SEDWICK,* District Judge.
 
 SEDWICK, District Judge:
 
 6
 The Arizona State Carpenters Pension Trust Fund and two other multi-employee pension trust funds (collectively referred to as "Trust Funds") and their respective trustees ("Trustees") appeal the district court's partial summary judgment and dismissal of their action against Citibank (Arizona) ("Citibank"), brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ("ERISA") and state law, alleging that Citibank breached its custodial agreement by failing to notify the trustees of defaults on payments for investments made by the Trust Funds' investment managers.
 
 
 7
 The district court granted Citibank's partial summary judgment motion on the appellants' ERISA claims. The district court determined Citibank was not a fiduciary under ERISA. The district court also granted Citibank's motion to dismiss, determining ERISA preempted the appellants' state law claims. The district court then dismissed the appellants' entire action.
 
 
 8
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's grant of partial summary judgment on the ERISA claims. We, however, conclude the district court erred in its determination that ERISA preempted the state law claims. We also deny Citibank's request for attorneys' fees and costs on appeal. Thus, we affirm in part, reverse in part, and remand the action to the district court so that the district court can decide whether to dismiss the state law claims without prejudice, allowing the appellants to file those claims in state court, if they elect to do so.
 
 I. BACKGROUND
 A. Facts
 
 9
 Each Trust Fund is a Taft-Hartley trust fund, formed and operated pursuant to 29 U.S.C. § 186, and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3). Each Trustee is a "named fiduciary" as that term is used in ERISA § 402(a), 29 U.S.C. § 1102(a).
 
 
 10
 From its acquisition of the assets and assumption of the liabilities of Great Western Bank through December 31, 1987, Citibank served as a depository and custodial agent for the Trust Funds. Citibank or its predecessors entered into "Custodial Agency Agreements" ("Agreements") with the Trust Funds. The Agreements, which the parties have stipulated are "plan documents" within the meaning of ERISA, required Citibank to perform the following services:
 
 
 11
 (a) Receive trust fund monies, and pay out trust fund monies as directed by the trustees or their agent.
 
 
 12
 (b) Receive and hold trust fund investments (and income from investments) for disposition as directed by the trustees or their agent.
 
 
 13
 (c) Invest and reinvest trust fund monies as directed by the trustees or their agents.
 
 
 14
 (d) Furnish regular reports listing (1) daily deposits of employer contributions to the trust funds, (2) the trust fund assets in the custodian bank's custody, (3) cash receipts and disbursements summaries, (4) summaries of sales or exchanges of trust fund assets, and (5) accruals of income to the trust funds.
 
 
 15
 The Agreements did not require Citibank to provide advice with respect to the Trust Funds' investments. In fact, the Agreements specifically limited Citibank's responsibilities and authority as follows: Citibank was not responsible for the adequacy of employers' contributions and was not obligated to enforce the payment thereof. Citibank had no duty to recommend, select or approve investments or otherwise to furnish advice with respect thereto. In acting upon any written authorization of the Trustees, Citibank was not required to ascertain whether a majority of the Trustees approved such action or whether such action was appropriately taken. Citibank was not responsible for monies or property paid or delivered to any person or company upon the written authorization of the Trustees. Citibank had no duty to prepare income tax returns and no power or duty to determine the rights or benefits of anyone claiming an interest under the Agreements or in the Trust Funds. The Agreements identified both a fund administrator and an investment counsel or manager. The Trustees delegated to each some authority to give directions to Citibank. The Trust Funds' investment manager gave written directions to Citibank to disburse monies to fund all the Trust Funds' investments.
 
 
 16
 Citibank provided the reports specified, but also provided reports to the investment counsel and to the Trust Funds' auditors in a format that pertained to delinquencies. In 1988, the Trustees, through sources other than Citibank, discovered that the Trust Funds had sustained substantial financial losses because the investment manager had provided imprudent investment advice. The Trustees terminated the investment manager and initiated an action in federal court, pursuant to 29 U.S.C. § 1132(a), against the investment manager to recover losses.
 
 
 17
 On June 14, 1991, appellants filed the present action against Citibank. An amended complaint filed on August 26, 1991, alleges breach of the custodial agreement through Citibank's failure to notify the Trustees of defaults on interest and principal payments on investments the investment manager made on behalf of the Trust Funds. The first eight counts in the amended complaint are based on ERISA, and the remaining five counts are state law claims based on breach of the custodial agreement, breach of common law fiduciary obligations, breach of the implied covenant of good faith and fair dealing, negligence, and common law fraud.
 
 
 18
 Appellants moved for partial summary judgment on the first three counts of the amended complaint, on the grounds that the suit is a federal cause of action under ERISA, that Citibank is an ERISA fiduciary, and that Citibank breached its agreement with appellants by failing to inform the Trustees of the Trust Fund delinquencies. Citibank initially filed a cross-motion for summary judgment and two motions to dismiss under the doctrines of abstention and preemption. Later, Citibank conceded that ERISA applies, arguing instead that Citibank was not an ERISA fiduciary, that Citibank did not breach its agreement with appellants regarding notification of delinquencies, and that ERISA preempts appellants' state law claims.
 
 
 19
 On February 23, 1994, the district court issued an order holding that ERISA governed the action, but that Citibank was not an ERISA fiduciary. The court denied appellants' motion for partial summary judgment and granted Citibank's cross-motion for partial summary judgment and motion to dismiss.[1] Appellants moved for reconsideration, and the Secretary of Labor moved for leave to file an amicus brief in support thereof, but the court denied both motions. On July 1, 1994, the court entered a judgment of dismissal as to the entire amended complaint.
 
 B. Statutory Scheme
 1. Named and Delegated Fiduciaries
 
 20
 "In enacting ERISA, Congress set out to protect participants in employee benefit plans by establishing standards of conduct, responsibility, and obligations for fiduciaries of employee benefit plans, and by providing for appropriate remedies." Yeseta v. Baima, 837 F.2d 380, 383 (9th Cir.1988) (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 43, 107 S.Ct. 1549, 1550, 95 L.Ed.2d 39 (1987)).
 
 
 21
 ERISA permits suits for breach of fiduciary duty only against ERISA defined fiduciaries. Gibson v. Prudential Ins. Co., 915 F.2d 414, 417 (9th Cir.1990). Although responsibility originally is vested with the "named fiduciary," ERISA § 402(a), 29 U.S.C. § 1102(a), the named fiduciary may allocate fiduciary responsibility and designate others to carry out fiduciary responsibilities. ERISA § 405, 29 U.S.C. § 1105. Under 29 U.S.C. § 1105(c)(1)(B), "[t]he instrument under which a plan is maintained may expressly provide for procedures maintained may expressly provide for procedures ... for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan."
 
 
 22
 ERISA § 405(c)(3), 29 U.S.C. § 1105(c)(3) defines ERISA § 405(c)(1)(B)'s use of the term "trustee responsibility" as "responsibility ... to manage or control the assets of the plan." Generally, if an ERISA plan expressly provides for a procedure allocating fiduciary responsibilities to persons other than named fiduciaries under the plan, the named fiduciary is not liable for an act or omission of such person in carrying out such responsibility. ERISA § 405(c)(2), 29 U.S.C. § 1105(c)(2).
 
 
 23
 A named fiduciary also may delegate responsibility for making investment decisions to an investment manager. See ERISA § § 3(38), 402(c)(3) and 405(b); 29 U.S.C. §§ 1002(38), 1102(c)(3), and 1105(b).
 
 
 24
 If an investment manager or managers have been appointed under section 1102(c)(3) of this title, then, notwithstanding subsections (a)(2) and (3) and subsection (b) of this section, no trustee shall be liable for the acts or omissions of such investment manager or managers, or be under an obligation to invest or otherwise manage any asset of the plan which is subject to the management of such investment manager.
 
 
 25
 ERISA § 405(d), 29 U.S.C. § 1105(d).
 
 2. Other Fiduciaries
 
 26
 ERISA § 3(21), 29 U.S.C. § 1002(21), requires a broad definition of fiduciary. Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co., 809 F.2d 617, 625 (9th Cir.1987). A fiduciary is "anyone who exercises discretionary authority or control respecting the management or administration of an employee benefit plan." Kyle Rys., Inc. v. Pacific Admin. Serv., Inc., 990 F.2d 513, 516 (9th Cir.1993). Fiduciary status under ERISA is to be construed liberally, consistent with ERISA's policies and objectives. See John Hancock Mut. Life Ins. v. Harris Trust & Sav. Bank, 510 U.S. 86, 96, 114 S.Ct. 517, 524, 126 L.Ed.2d 524 (1993). ERISA "defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan, see 29 U.S.C. § 1002(21)(A), thus expanding the universe of persons subject to fiduciary duties-and to damages-under § 409(a)." Mertens v. Hewitt Assoc., 508 U.S. 248, 262, 113 S.Ct. 2063, 2071, 124 L.Ed.2d 161 (1993) (emphasis omitted).[2]
 
 C. District Court Conclusions
 
 27
 The district court concluded that Citibank was not an ERISA fiduciary, for the following reasons: (1) as custodial bank for the Trust Funds, Citibank was bound by the Agreements, and the Agreements gave Citibank no discretionary authority; (2) there was no allocation of managerial responsibility, and Citibank was not permitted to act, and did not act, without the authority of the Trustees or their agents; (3) Citibank was required to follow the investment manager's directions; and (4) Citibank's obligation to report account activities did not constitute the degree of discretion necessary to create a fiduciary relationship. The court cited Yeseta, 837 F.2d at 385 (attorneys, accountants, and other professionals are not fiduciaries when they perform their usual professional functions and exercise no discretion over trust); Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse, 879 F.2d 1146, 1150 (3d Cir.1989) (auditing firm that reviewed information provided by others who actually controlled assets was not a fiduciary); Brandt v. Grounds, 687 F.2d 895, 897 (7th Cir.1982) (refusing to impose fiduciary obligation upon bank for performance of non-discretionary function); and O'Toole v. Arlington Trust Co., 681 F.2d 94, 96 (1st Cir.1982) (bank acting merely as depository for trust fund, whose responsibility did not include discretionary advisor activities, was not a fiduciary). The court also held that ERISA preempted those claims alleging state causes of action.
 
 D. Issues Presented
 
 28
 Appellants assert, and we agree, that the appeal presents the following issues:
 
 
 29
 1. Whether, pursuant to ERISA § 405(c)(1)(B), the trustees delegated to Citibank fiduciary responsibilities to hold, safeguard, and account for the plans' assets and income, thereby making Citibank a fiduciary under ERISA § § 3(21)(A), 404(a), 405(a), 409(a), and 502(a)(2).
 
 
 30
 2. Whether, by its actions, decisions, and functions, Citibank exercised sufficient authority and control respecting the management and administration of each plan so as to be a fiduciary.
 
 
 31
 3. Assuming, arguendo, that ERISA does not regulate the parties, relationship, whether ERISA preempts all state causes of action, thereby granting immunity to Citibank.
 
 II. DISCUSSION
 A. Standard of Review
 
 32
 Dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), and summary judgment, pursuant to Fed.R.Civ.P. 56(c), are reviewed de novo. Kyle Rys., 990 F.2d at 515-17. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 516 U.S. 1171, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996). We also review de novo the question whether ERISA preempts state law. The Meadows v. Employers Health Ins., 47 F.3d 1006, 1008 (9th Cir.1995).
 
 B. Whether Citibank was an ERISA Fiduciary
 1. Delegation of Fiduciary Status
 
 33
 Appellants argue that while Citibank initially had no responsibility for making investment decisions through the Agreements, the named fiduciaries (the Trustees) delegated to Citibank fiduciary responsibilities (to monitor for and report on material delinquencies). Appellants argue that the ERISA scheme contemplates that under ERISA § 405(c)(2), 29 U.S.C. § 1105(c)(2), the named fiduciary is relieved of its duty of care, and the delegee assumes the duty as a fiduciary and, thus, may be held accountable for the financial losses resulting from any breach of that duty. See Madden v. ITT Long Term Disability Plan for Salaried Employees, 914 F.2d 1279, 1283-84 (9th Cir.1990) named fiduciary's delegee became fiduciary when, as expressly authorized in Plan, Board of Directors designated "responsibility for carrying out all phases of the Administration of the Plan", cert. denied, 498 U.S. 1087, 111 S.Ct. 964, 112 L.Ed.2d 1051 (1991); Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1325 (9th Cir.1985) (once employer appointed plan administrator and gave it control over benefit plan, employer was no longer fiduciary).
 
 
 34
 The Agreements do not purport to delegate any fiduciary duty to Citibank, nor do they provide Citibank with independent authority or managerial responsibility over the operation or administration of the Trust Funds. Rather, the Agreements expressly limit Citibank's responsibilities and authority, such that Citibank had no duty to furnish advice with respect to investments, no responsibility for monies or property paid upon written authorization of the Trustees, and no power or duty to determine the rights or benefits of anyone claiming an interest in the Trust Fund. Meanwhile, the Trustees expressly delegated authority to a fund administrator and an investment manager. Therefore, there is no evidence to support appellants' contention that Citibank had been delegated responsibility or authority over the Trust Funds, beyond the non-fiduciary duties set out in the Agreements.
 
 2. Implied Fiduciary Duty
 
 35
 Appellants argue that Citibank performed functions which constitute the exercise of discretion within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and thus, Citibank had an implied duty to report delinquencies. Appellants assert that Citibank assumed this duty by devising and controlling its own reporting system, deciding to whom reports would be disseminated, regularly analyzing the delinquency information, deciding whether it suggested a problem serious enough to warrant reporting to the Trustees, and determining that the delinquency information was sufficiently alarming to question the investment manager, but then accepting the investment manager's explanations.
 
 
 36
 A person or entity who performs only ministerial services or administrative functions within a framework of policies, rules, and procedures established by others is not an ERISA fiduciary. To become a fiduciary, the person or entity must have control respecting the management of the plan or its assets, give investment advice for a fee, or have discretionary responsibility in the administration of the plan. Kyle Rys., 990 F.2d at 516-18; Gibson, 915 F.2d at 417; Yeseta, 837 F.2d at 385; Gelardi, 761 F.2d at 1325, 29 C.F.R. § 2509.75-8(D-2).[3] Having to make a decision in the exercise of a ministerial duty does not rise to the level of discretion required to be an ERISA fiduciary. See Mertens v. Hewitt Assoc., 948 F.2d 607, 610 (9th Cir.1991), aff'd, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993).
 
 
 37
 Citibank was obliged to furnish the Trustees with reports of account activities. Preparing reports of account activities and determining whether to use a particular format to inform the Trustees of delinquencies do not amount to an assumption of control or authority over the Trust Funds which, by the terms of the Agreements, Citibank did not have. Citibank did provide the Trustees with all information it was required to provide by the Agreements. That it also chose to provide information to the Trustee's named investment manager did not convert Citibank into a volunteer fiduciary. To hold otherwise would discourage depository institutions from voluntarily making information available to fund administrators, investment managers, and other fiduciaries. It would also risk creating a climate in which depository institutions would routinely increase their fees to account for the risk that fiduciary liability might attach to nonfiduciary work. We therefore conclude that Citibank undertook no fiduciary obligation by providing information to the investment manager.
 
 3. Preemption of State Law Claims
 
 38
 With exceptions not applicable here, ERISA preempts state laws "insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a). Appellants argue that ERISA does not preempt their state law causes of action because they do not relate to the employee benefit plan. We agree.
 
 
 39
 There can be little doubt that Congress intended to sweep away any state law whose administration might interfere with or complicate the administration of ERISA. "Congress sought to eliminate the problem of inconsistent state and local regulation in the area of employee benefit plans by enacting express statutory preemption provisions as part of ERISA." The Meadows, 47 F.3d at 1008. Similarly, the remedies Congress created were intended to be exclusive. "The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987).
 
 
 40
 Congress' desire for uniform regulation and the elimination of inconsistent obligations has fostered some rather sweeping judicial pronouncements on the scope of ERISA preemption. A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The Court recently explained in New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995), that the "relates to" test may lead to an overly expansive view of preemption.
 
 
 41
 If 'relate to' were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes pre-emption would never run its course.... But that, of course, would be to read Congress's words of limitation as mere sham, and to read the presumption against preemption out of the law whenever Congress speaks to the matter with generality. Id. at 655, 115 S.Ct. at 1677.
 
 
 42
 With the teaching of Travelers firmly in mind, we have reexamined our original decision and conclude that the Trust Funds' state law claims against Citibank are not connected with ERISA. As we noted, but did not adequately incorporate in our earlier opinion, "there are limits to the unusually broad preemptive sweep we have afforded ERISA." Concha v. London, 62 F.3d 1493, 1505 (9th Cir.1995), cert. dismissed, --- U.S. ----, 116 S.Ct. 1710, 134 L.Ed.2d 772 (1996). In establishing where those limits may be found, the Supreme Court recognized at least three areas in which ERISA was intended to preempt state law claims, Travelers, 514 U.S. at 655-61, 115 S.Ct. at 1677-79, which the Fourth Circuit summarized in Coyne & Delany Co. v. Selman, 98 F.3d 1457 (4th Cir.1996):
 
 
 43
 First, Congress intended ERISA to preempt state laws that "mandate[ ] employee benefit structures or their administration."
 
 
 44
 . . . . .
 
 
 45
 Second, Congress intended to preempt state laws that bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself.
 
 
 46
 . . . . .
 
 
 47
 Third, in keeping with the purpose of ERISA's preemption clause, Congress intended to preempt "state laws providing alternate enforcement mechanisms" for employees to obtain ERISA plan benefits.
 
 
 48
 Coyne, 98 F.3d at 1468 (quoting Travelers, 514 U.S. at 658, 115 S.Ct. at 1678 (internal citations omitted)); see also California Div. Of Labor Standards Enforcement v. Dillingham Const., --- U.S. ----, ----, 117 S.Ct. 832, 838, 136 L.Ed.2d 791 (1997) (concluding court must examine objectives of ERISA and "nature of the effect" of state law on ERISA plans to determine if state law is preempted).
 
 
 49
 The state law claims in this case for breach of contract, breach of common law duties, negligence, and fraud fall outside the three areas discussed in Travelers and summarized in Coyne. The state law claims do not address the employee benefit structure or the administration of benefits; they are not aimed at binding employers or plan administrators to particular practices, nor do they preclude uniform administrative practices; and they are not an alternative enforcement mechanism for employees to obtain benefits. Of course, there remains the possibility that while the claims fall into another category, that category is one where preemption would also be appropriate.
 
 
 50
 In Coyne, the plaintiff employer (which the circuit court concluded had the status of a plan fiduciary for purposes of the litigation) pled a state law malpractice claim against an insurance consultant for professional malpractice in obtaining insurance for its ERISA plan. After concluding that the malpractice claim fell outside the three categories recognized in Travelers, the Coyne court went on to hold that the employer's malpractice claim against the insurance professionals was not preempted by ERISA, because the malpractice claim arose from state law of general application, did not depend in any way upon ERISA, and did not affect relations among ERISA entities.
 
 
 51
 The state law at issue in this case imposes a duty of care on all professionals, including all insurance professionals. Common law imposes the duty of care regardless of whether the malpractice involves an ERISA plan or a run-of-the-mill automobile insurance policy. Thus, the duty of care does not depend on ERISA in any way. Finally, the state law malpractice claim does not affect relations among the principal ERISA entities.
 
 
 52
 Coyne, 98 F.3d at 1471.
 
 
 53
 In the instant matter, the Trust Funds' state law claims, like those pled by the employer in Coyne, fall outside the three areas identified in Travelers. Like the claims in Coyne, the state law claims here arise from state law doctrines of general application. As in Coyne, the Trust Funds' state law claims against Citibank do not depend on ERISA. Finally, once the Trust Fund's characterization of Citibank as a fiduciary is stripped away, it is clear that the state law claims here do not affect relations among the principal ERISA entities.
 
 This court has previously said:
 
 54
 The key to distinguishing between what ERISA preempts and what it does not lies, we believe, in recognizing that the statute comprehensively regulates certain relationships: for instance, the relationship between plan and plan member, between plan and employer, between employer and employee (to the extent an employee benefit plan is involved), and between plan and trustee. * * *
 
 
 55
 But ERISA doesn't purport to regulate those relationships where a plan operates just like any other commercial entity-for instance, the relationship between the plan and its own employees, or the plan and its insurers or creditors, or the plan and the landlords from whom it leases office space.
 
 
 56
 General American Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1521-22 (9th Cir.1993).
 
 
 57
 As a service provider offering nonfiduciary custodial services, Citibank's relationship with the Trust Funds was no different from that between Citibank and any of its customers. In the circumstances of this case, the connection between the state common law principles and ERISA's regulation of employee benefit plans is simply too "tenuous, remote, or peripheral" to trigger preemption. See Shaw, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21.
 
 
 58
 We believe that Coyne provides a useful amplification of Castonguay and hold that where state law claims fall outside the three areas of concern identified in Travelers, arise from state laws of general application, do not depend upon ERISA, and do not affect the relationships between the principal ERISA participants; the state law claims are not preempted. Employing this approach we now hold that the Trust Funds' state law claims against Citibank are not preempted by ERISA.[4]
 
 4. Attorneys' Fees
 
 59
 Citibank requests attorneys' fees and costs with respect to this appeal, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), which permits a discretionary award of "a reasonable attorney's fee and costs of action to either party" in an action "by a participant, beneficiary, or fiduciary."
 
 
 60
 We apply a five-factor test to determine whether to award fees and costs. Tingey v. Pixley-Richards West, Inc., 958 F.2d 908, 909 (9th Cir.1992). Those factors are:
 
 
 61
 (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' position.
 
 
 62
 Id.
 
 
 63
 The degree of the Trust Funds' culpability or bad faith does not weigh significantly in favor of Citibank. While the Trust Funds' assertion that Citibank was an ERISA fiduciary was not consistent with the plain terms of the Agreements which the parties stipulated to be plan documents, the Trust Funds were correct in their insistence that ERISA did not preempt their state law claims.
 
 
 64
 The ability of the Trust Funds to satisfy an award of fees cannot be applied on the record before us. That record does not address the Trust Funds' current financial status.
 
 
 65
 The third factor, whether an award of fees would deter others in similar circumstances, weighs only slightly in favor of Citibank. While it is appropriate to deter litigation of claims plainly inconsistent with plan documents, it would be inappropriate to deter the pleading of viable claims that are not preempted by ERISA. Moreover, viability of the Trust Funds' state law claims did depend on establishing that Citibank was not a fiduciary (thus Citibank's status as a fiduciary would have to be examined-even if the examination might have been simplified had the Trust Funds paid more heed to the plan documents.)
 
 
 66
 The fourth consideration, whether Citibank sought to benefit all participants and beneficiaries of the plan or to resolve a significant legal question regarding ERISA, is " 'more appropriate to a determination of whether to award fees to a plaintiff than a defendant.' " Id. (quoting Marquardt v. North Am. Car Corp., 652 F.2d 715, 719 (7th Cir.1981)). It is therefore neutral in this case.
 
 
 67
 The fifth factor, the relative merits of the parties' positions, weighs heavily in favor of Citibank on the issue of its status as a fiduciary, but in favor of the Trust Funds on the issue of preemption.
 
 
 68
 A look at all the factors does not show that the balance struck significantly favors Citibank. Mindful that awarding appellate attorneys' fees in close cases might deter participation in the appellate process, we conclude that an award of appellate attorneys' fees to Citibank would be inappropriate.
 
 III. CONCLUSION
 
 69
 We affirm the district court's grant of partial summary judgment on the appellants' ERISA claims. We reverse the district court's dismissal of the appellants' state law claims and remand the action to the district court to determine whether to exercise supplemental jurisdiction over the state law claims. We deny Citibank's request for attorneys' fees and costs on appeal.
 
 
 70
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 Honorable John W. Sedwick, United States District Judge, District of Alaska, sitting by designation
 
 
 [1]
 The district court did not address counts four, seven, and eight, because no motions were filed regarding those claims. The parties later stipulated to dismiss those counts
 
 
 [2]
 The statute reads:
 Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.
 ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A).
 
 
 [3]
 29 C.F.R. § 2509.75-8 states in relevant part as follows:
 D-2 Q: Are persons who have no power to make any decisions as to plan policy, interpretations, practices or procedures, but who perform the following administrative functions for an employee benefit plan, within a framework of policies, interpretations, rules, practices and procedures made by other persons, fiduciaries with respect to the plan:
 (1) Application of rules determining eligibility for participation or benefits;
 (2) Calculation of services and compensation credits for benefits:
 (3) Preparation of employee communications material;
 (4) Maintenance of participants' service and employment records;
 (5) Preparation of reports required by government agencies;
 (6) Calculation of benefits;
 (7) Orientation of new participants and advising participants of their rights and the options under the plan.
 (8) Collection of contributions and application of contributions as provided in the plan;
 (9) Preparation of reports concerning participants' benefits;
 (10) Processing of claims; and
 (11) Making recommendations to others for decisions with respect to plan administration?
 A: No. Only persons who perform one or more of the functions described in section 3(21)(A) of the Act with respect to an employee benefit plan are fiduciaries. Therefore, a person who performs purely ministerial functions such as the types described above for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any authority or control respecting management or disposition of assets of the plan, and does not render investment advice with respect to any money or other property of the plan and has no authority or responsibility to do so....
 
 
 [4]
 Although the parties do not specifically discuss the "refers to" prong of the "relates to" test, we also conclude the Trust Funds' state law claims are not preempted under this prong. As discussed above, the state law claims do not have a sufficient effect on the plans. See WSB Elec., Inc. v. Curry, 88 F.3d 788, 792-94 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 945, 136 L.Ed.2d 834 (1997). The state law claims also do not "act[ ] immediately and exclusively upon ERISA plans" and "the existence of ERISA plans is [not] essential to the [state] law's operation." See Dillingham, --- U.S. at ----, 117 S.Ct. at 838