William H. CROWHURST; Estes L. Yinger; Edward H. Greenberg, on behalf of the California Institute of Technology Mutual Benefit Tax–Deferred Annuity Plan, Plaintiffs–Appellants/Cross–Appellees,

v.

CALIFORNIA INSTITUTE OF TECHNOLOGY, Defendant–Appellee/Cross–Appellant.

Nos. 99–56386, 99–56680.
D.C. Nos. CV–96–05433–RAP(SHx), CV–96–05433–RAP–02.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided April 4, 2001.

Before KOZINSKI and TALLMAN, Circuit Judges, and FOGEL,* District Judge.

MEMORANDUM **

There is no evidence that Caltech's delay in requesting an aggregate transfer harmed Plan participants. "ERISA holds a trustee liable for a breach of fiduciary duty only to the extent that losses to the plan result from the breach." *Friend v. Sanwa Bank Cal.*, 35 F.3d 466, 469 (9th Cir.1994); 29 U.S.C. § 1109 (2000). Caltech requested an aggregate

---

* Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

transfer on June 19, 1991, and Plan assets invested in MBL were frozen on July 16, 1991. Caltech's delay, by a few days, did not cause or increase the likelihood of the July 16, 1991, freeze.

■ Caltech did not act imprudently by submitting individual transfer requests *and* requesting an aggregate transfer after July 1, 1991. Caltech knew that MBL was experiencing difficulties and that New Jersey authorities might freeze withdrawals from MBL at any time. Between June 19, 1991, and July 1, 1991, MBL failed to make the aggregate transfer despite Caltech's repeated requests. MBL never confirmed that the aggregate transfer would take place on July 10, 1991. In lights of these difficulties and uncertainty, it was not unreasonable for pension consultants Foster Higgins to recommend, nor for Caltech to elect, to continue to submit individual transfer requests after July 1, 1991. *See Donovan v. Mazzola*, 716 F.2d 1226, 1234 (9th Cir.1983) (A fiduciary is required to exercise "his own judgment in the light of the information and advice which he receives.") (quotations and emphasis omitted).

Caltech did not breach its duty of loyalty by submitting individual transfer requests after July 1, 1991, because Caltech could have faced liability even if it had not submitted individual transfer requests. Caltech's self-interest was not at stake. *See Cunha v. Ward Foods, Inc.*, 804 F.2d 1418, 1432 (9th Cir.1986).

The district court did not abuse its discretion in declining to award costs to Caltech. *See Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980); *Arizona State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 724–25 (9th Cir. 1997).

*** We do not address the statute of limitation issue because it is unnecessary to do so in

Each party shall bear its own costs on appeal.

AFFIRMED.***

light of this disposition.