United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40832
Summary Calendar

CRONUS OFFSHORE, INC.,

Plaintiff-Appellant,

versus

KERR-MCGEE OIL AND GAS CORPORATION; KERR-MCGEE CORPORATION; KERR-MCGEE WORLDWIDE CORPORATION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-565-MC
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cronus Offshore, Inc. ("Cronus") appeals the district court's summary judgment dismissal of its contractual claims arising from the purchase of a mineral lease on the outer Continental Shelf. We review the district court's determination de novo. See Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912 (5th Cir. 1992); Stewart v. Murphy, 174 F.3d 530, 532-33 (5th Cir. 1999).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We hold that the totality of the circumstances supports the district court's determination that the purchase agreement's waiver provision barred Cronus's contractual claims arising from the alleged failure to disclose the presence of undrillable material in the well at issue. See Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997); Prudential Ins. Co. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 162 (Tex. 1995). In so holding, we reject Cronus's contention that the parties did not negotiate at arm's length; Cronus, who was represented by counsel during the purchase negotiations, was not unfamiliar with the business of offshore well-recompletion, including the inability to perform diagnostic testing prior to the lease purchase. Cf. Schlumberger, 959 S.W.2d at 175-77, 180. Because Cronus's inability to inspect the well-bore was not the result of Kerr-McGee Oil and Gas Corporation's ("Kerr-McGee's") conduct, the waiver clause also cannot be held unenforceable on that basis. Prudential Ins. Co. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 162 (Tex. 1995).

Additionally, Cronus's summary judgment evidence did not establish the existence of a genuine issue of material fact regarding whether Kerr-McGee knew about the presence of the well-bore obstruction for purposes of establishing fraudulent misrepresentation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Prudential, 896 S.W.2d at 162-63. Finally, Cronus's contention that the waiver is not binding due to the

provision's failure to cover non-disclosures presupposes the existence of a non-disclosure, which the summary judgment evidence did not show to be a genuine issue for trial. Nevertheless, insofar as the provision disclaimed Cronus's reliance on the representations of Kerr-McGee as to the condition of the well, it necessarily encompassed claims of non-disclosure. See Schlumberger, 959 S.W. 2d at 181-82.

We further hold that the district court's determination that Cronus failed to state a claim for breach of contract was not erroneous. See El Paso Natural Gas, Co. v. Minco Oil & Gas, Inc., 8 S.W.3d 309, 313 (Tex. 1999). The common law does not recognize a duty between contracting parties to act in good faith. Id. at 312-13. Additionally, even if it is assumed arguendo that the instant lease purchase is governed by the Uniform Commercial Code (UCC), the alleged breach occurred during the formation of the contract, to which the UCC's statutory duty of good faith does not extend. See id. at 313.

AFFIRMED.