Ronald and Barbara ERPELDING, d.b.a. "Ron and Sons," Plaintiffs–Appellants,

v.

DELAWARE CHARTER GUARANTEE AND TRUST COMPANY, d.b.a. "Trustar," Defendant–Appellee.

No. 04–55436.

D.C. No. CV–03–00204–TJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided Jan. 11, 2006.

Marc S. Schechter, Julia A. Nickerson, Butterfield Schechter LLP, San Diego, CA, for Plaintiffs–Appellants.

Jonathan A. Boynton, Post Kirby Noonan & Sweat, Michael J. Holmes, Mark J. Hattam, Allen, Matkins, Leck, Gamble & Mallory LLP, San Diego, CA, for Defendant–Appellee.

Before RYMER and WARDLAW, Circuit Judges, and REED,* District Judge.

MEMORANDUM**

Ronald and Barbara Erpelding and their company, Ron & Sons' Trucking, Inc. ("Appellants" or "Ron and Sons"), appeal the order of the Southern District of California dismissing their claims against Appellee Delaware Charter Guarantee and Trust Company ("Appellee" or "Trustar").

---

\* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The District Court found that Trustar was an ERISA fiduciary and therefore Ron and Sons' state law claims against Trustar were preempted. Because we find that the complaint does not establish that Trustar was an ERISA fiduciary, we conclude that the District Court's order dismissing the action was in error.

Under ERISA, a person or entity is considered a fiduciary:

to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

This is a *functional* test that turns on the activity, rather than the title, of the person or entity in question. *See CSA 401(K) Plan v. Pension Prof'ls, Inc.*, 195 F.3d 1135, 1138 (9th Cir.1999) (noting that actions and not title determine ERISA fiduciary status); *IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1419 (9th Cir.1997); *McMorgan & Co. v. First Cal. Mortgage Co.*, 916 F.Supp. 966, 970 (N.D.Cal.1995) ("The *exercise* of discretionary authority may confer fiduciary status, regardless of whether it was granted."). To determine whether the complaint established that Trustar was a fiduciary as defined by ERISA, we examine whether the complaint alleged that Trustar exercised discretionary authority as a fiduciary or was performing ordinary functions as a non-fiduciary.

Trustar's functions, as alleged by Ron and Sons in their complaint, did not involve the exercise of "discretionary authority" over the ERISA Plan. Trustar was given the responsibility for making certain that contributions to the Plan were sufficient, for properly terminating the Plan, and for filing papers with federal agencies to ensure that the Plan would terminate on time. As can be discerned from the Complaint, Trustar exercised no discretionary authority over the assets of the Plan and was instead relegated to ministerial type tasks such as ensuring that the Plan was properly terminated. These ministerial tasks were not sufficient to make Trustar a fiduciary under ERISA. *See Ariz. State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 721–22 (9th Cir.1997) (ministerial tasks such as analyzing delinquency information and alerting outside persons about potential discrepancies are not enough to make third party administrator a fiduciary); *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1220 (9th Cir.2000) (attorney rendering only legal and consulting advice to the plan is not a fiduciary unless he or "she exercises authority over the plan in a manner other than by usual professional function" (internal quotation marks omitted)) *amended by* 208 F.3d 1170 (2000); *CSA 401(K) Plan*, 195 F.3d at 1139 (preparation of quarterly and annual financial reports based on information provided to third party administrator is ministerial task and does not create fiduciary liability); *but see Patelco Credit Union v. Sahni*, 262 F.3d 897, 908–09 (9th Cir.2001) (undisputed evidence of defendant's control over plan assets, including moving funds between accounts, is sufficient to establish that he is a fiduciary).

Although the implementation of a decision to terminate a plan can give rise to fiduciary liability, *Beck v. Pace Int'l Union*, 427 F.3d 668, 673 (9th Cir.2005), Trustar's actions in this case were insufficient to do so. In cases which hold that implementation of termination of a plan gives rise to fiduciary liability, the fiduciary was exercising far more discretion over the plan and its course than Trustar is alleged to have done here. *See Waller v. Blue Cross of Cal.*, 32 F.3d 1337, 1342–44 (9th

Cir.1994); *Amalgamated Clothing & Textile Workers Union, AFL–CIO v. Murdock,* 861 F.2d 1406, 1419 (9th Cir.1988).

Because the complaint does not allege facts that indicate that Trustar exercised discretionary control over the Plan in a way that would qualify Trustar as an ERISA fiduciary, the District Court's decision that Trustar was a fiduciary is in error. The District Court's determination that the state law claims against Trustar were preempted was based on Trustar's status as an ERISA fiduciary, and therefore, the District Court's finding that state law claims were preempted is also in error.

We note that the circumstances of this case also gives us reason to believe that a dismissal of Ron and Sons' claims against Trustar was improper. The complaint as to Trustar was dismissed at a time when Trustar had not filed any motion to dismiss or even appeared in the case. In light of the remand of the action and the unusual circumstances surrounding the District Court's dismissal of the claims against Trustar, the District Court should permit Appellants to amend their complaint.

The District Court's Order is REVERSED and REMANDED.

RYMER, Circuit Judge, dissenting.

I would affirm the district court because the complaint alleges that Trustar formed the Plan, helped design the Plan's benefit formula, was a fiduciary with respect to terminating the Plan, gave advice for a fee, had responsibility for proceeding with all necessary measures to ensure the Plan would be terminated and distributions would be made prior to the year ending October 31, 2000, and implemented the decision to terminate the Plan. As the earmarks of an ERISA fiduciary are averred and the discretionary authority to design and implement the Plan and its termination is implicit in the responsibility to "proceed with all necessary measures," the court could conclude that Ron and Sons's state law claims bear on an ERISA-regulated relationship and so are preempted. *See* 29 U.S.C. § 1002(21)(A); *see also, e.g., New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 661, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (noting that areas with which ERISA is expressly concerned include reporting, disclosure, and fiduciary responsibility) (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98 & n. 19, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)); *Rutledge v. Seyfarth, Shaw, and Fairweather,* 201 F.3d 1212, 1219 (9th Cir.2000) (noting that "a core factor leading to the conclusion that a state law claim is preempted is that the claim bears on an ERISA-regulated relationship"); *Arizona State Carpenters Pension Trust Fund v. Citibank,* 125 F.3d 715, 721–22 (9th Cir.1997) (holding that the bank, as a depository and custodial agent of the plan's funds, was not an ERISA fiduciary because it did not "have control respecting the management of the plan or its assets, give investment advice for a fee, or have discretionary responsibility in the administration of the plan"). Even if leave to amend should normally have been allowed, Ron and Sons made no proffer of what an amendment would look like, nor did they explain how new allegations could be crafted that would avoid preemption yet not be inconsistent with allegations in the complaint. In these circumstances, the district court was not obliged to grant leave to amend.[1] Al-

---

1. Although the procedural posture of the case is peculiar, the question for us now is whether there is any way a claim for relief can be stated. *See Wong v. Bell,* 642 F.2d 359, 362 (9th Cir.1981) (holding that even where the court failed to give notice of its sua sponte intention to dismiss the complaint, "the dismissal may properly be affirmed ... [if] Plaintiffs cannot possibly win relief under the statute they have urged").

though Ron and Sons contended in moving for reconsideration that the Trustar retainer agreement indicates that Trustar was not an ERISA fiduciary, the court was not required to reconsider its ruling because the agreement was unauthenticated and was neither pled nor appended as an exhibit to the complaint. Finally, Ron and Sons has never indicated any intention to amend to state an ERISA claim. Accordingly, I cannot say that the court abused its discretion in dismissing the complaint.