MERRITT, Circuit Judge, dissenting.
The law on ERISA preemption is in a state of disarray, to say the least. See, e.g., New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (“prior attempt to construe the phrase ‘relate to’ does not give us much help drawing the line”); California Div. of Labor Standards Enforcement v. Dillingham, 519 U.S. 316, 335, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997) (Scalia concurring) (“applying the ‘relate to’ provision according to its terms was a project doomed to failure ... everything is related to everything else”); Aetna Health, Inc. v. Davila, 542 U.S. 200, 222, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (Ginsburg concurring) (“I join the rising judicial chorus urging that Congress and [this] Court revisit what is an unjust and increasingly tangled ERISA regime”); Langbein, “What ERISA Means By ‘Equitable,’ ” 103 Colum. L.Rev. 1317 (2003). I find no similar cases preempting banking laws protecting from loss the deposits of customers, including ERISA customers, or regulating bank fees charged to such customers. To the contrary, the Ninth Circuit concluded that Arizona common law was not preempted in an action against Citibank “as a service provider offering nonflduci-ary custodial services” to ERISA participants. Arizona State Carpenters Pension Trust Fund v. Citibank, 125 F.3d 715, 723 (9th Cir.1997).
The ERISA clause on preemption barring remedies that “relate to any employee benefit plan” is so broad and so lacking in specific meaning and application that we act basically as a common law court in creating its meaning in individual cases. Therefore, we should state the policies we are implementing and the congressional purpose behind the statute that we are trying to serve. The policy on preemption found in many ERISA cases emphasizes “the normal presumption against preemption” when we are dealing with state “laws of general application,” De Buono v. NYSA-ILA Medical and Clinical Services Fund, 520 U.S. 806, 811-14, 117 S.Ct. 1747, 138 L.Ed.2d 21 (1997). Here we are dealing with common law principles, equitable unjust enrichment principles, and a Tennessee statute of general application.
*428 The primary purpose of ERISA is to protect the individual who has a pension or health plan from certain kinds of losses, i.e., “to increase the likelihood that participants ... will receive their full benefits.” 29 U.S.C. § 1001b(c). It is not to protect a depository bank from general state laws concerning malfeasance in connection with the bank’s handling of the bank accounts of participants. In this case, we have no idea whether the bank is liable for misfeasance under state law. The case against the bank has not been tried or the facts proved or the state law analyzed and applied. I dissent because our court is using a doctrine of ERISA preemption not to protect the ERISA participants but to shield the bank from any investigation of the claims against it. The court has given the bank an immunity from general state law liability no matter what its conduct, as though the bank has the status of a sovereign. Banks are important institutions for our society and perform many valuable services, but they are not sovereign and not entitled to be exempt from general laws.
Having found that Regions, acting only as a depository bank holding cash deposits, does not meet the definition of an ERISA “fiduciary” under 29 U.S.C. § 1002(21)(A) — a decision with which I agree — the court then bars all state law claims and appears to leave the plan participants without any legal remedy whatever, common law or otherwise, when a depository bank causes a loss of ERISA participants’ deposits through reckless or willfully blind conduct or unjust enrichment.
The dismissals in both the Trustee’s and the participants’ cases were on the pleadings under Fed.R.Civ.P. 12(e) and based on the “doctrine of ERISA preemption.” It may be that Regions is not liable for any misfeasance, but we should not decide the case preemptively without even looking at the facts and law regarding the bank’s possession and disposition of the participants’ deposits. We have bankruptcy and supplementary jurisdiction of the Trustee’s claims, and diversity jurisdiction of the investors’ claims, and therefore the normal duty to enforce state law.
Our court’s idea that state law remedies fail because they add or provide only “an alternative enforcement mechanism” is strange, indeed, when the federal ERISA law provides no “enforcement mechanism” whatever for damages against the misfeasance of a depository bank that is not a fiduciary. There is nothing, no ERISA cause of action for damages for the state claims to be “alternative” to. There is no ERISA purpose or policy served by withdrawing the protection of state laws of general application. What is the possible harm caused by the enforcement of state laws providing damages if a bank recklessly allows its depositors’ money to be embezzled by a fiduciary?
Plaintiffs unjust enrichment claim serves as a good example of the confusion engendered by the preemption defense. We do not know whether the bank withdrew $500,000 from the plaintiffs’ accounts properly or in cahoots with Stokes or in willful blindness to his conduct. Should the bank have to restore some or all of the money removed by the bank from the participants’ accounts? The general common law of unjust enrichment goes back three centuries to the Chancery Court in 17th Century England. The principles underlying unjust enrichment do not interfere with ERISA. Tennessee ostensibly still goes by the old law of unjust enrichment explained by Lord Mansfield in Moses v. MacFerlan, 2 Burr. 1005, 1012, 97 Eng. Rep. 676, 681 (K.B.1760): “In one word, the gist of this kind of action is, that the defendant, upon the circumstances of the *429 case, is obliged by the ties of natural justice and equity to refund the money.” I have no idea whether plaintiffs are entitled to restitution of the fees, or some part of them, charged by the bank against their accounts because the record does not reflect specifically what the facts are, nor has the Tennessee law as it applies in this case been analyzed. But the bank is not entitled to prevail under the doctrine of ERISA preemption without any analysis of Tennessee’s law of unjust enrichment. The fact that § 1132(a) and (c) allows the Secretary of Labor to seek an injunction against violations of a provision of ERISA should not preempt or displace the law of unjust enrichment requiring a wrongdoer to restore benefits wrongfully obtained. If the defendant is enriched as a result of a “known risk that the conduct in question violates” plaintiffs rights, the plaintiff may pursue an accounting. See Restatement (Third) of Restitution § 51 (2011).
To foreclose unjust enrichment would leave those whom Congress intended to protect worse off than before ERISA was enacted. ERISA does not require abrogation of the law of unjust enrichment under these circumstances, and I would not adopt a construction of preemption that perversely deprives the participants of rights they previously possessed and that Congress intended to further protect when it federalized the administration of pension and employee benefit plans in ERISA.