**Dean CORDER; Lorna Corder, Plaintiffs–Appellants,**

**and**

**Gary Baugh, Defendant–Appellant,**

**and**

**Bruce Chadwick; Betty Chadwick, Plaintiffs–Appellants,**

**and**

**Baugh Construction & Engineering Co. Profit Sharing Plan, Third–Party–Plaintiff–Appellant,**

**v.**

**HOWARD JOHNSON & COMPANY, Third–Party–Defendant–Appellee.**

No. 93–35242.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 1994.

Decided Oct. 7, 1994.

Amended Jan. 31, 1995.

See also 37 F.3d 550, superseded.

Donald W. McClintock, Ashburn & Mason, Anchorage, AL, for appellant,. Baugh Const. & Engineering Co. Profit Sharing Plan.

Bruce E. Gagnon, Atkinson, Conway & Gagnon, Anchorage, AL, for appellant, Gary M. Baugh, trustee.

Michael R. Spaan, Bogle & Gates, Anchorage, AL, for appellee, Howard Johnson & Co.

Before: PREGERSON, CANBY, and BOOCHEVER, Circuit Judges.

## ORDER

The opinion filed October 7, 1994 is amended as follows:

At slip opinion page 12369, delete the first sentence of the second full paragraph (beginning "As an initial matter ...") and substitute the following:

As an initial matter, we find that Mr. Baugh may not be held liable for attorney's fees under ERISA because he is not an enumerated party bringing the ERISA action, nor was the action which was initiated against him brought by one of the enumerated parties.

With this amendment, the petition for rehearing is denied.

## OPINION

PREGERSON, Circuit Judge:

### INTRODUCTION

Bruce and Betty Chadwick, Dean and Lorna Corder (the "Beneficiaries"), Baugh Construction and Engineering Company Profit Sharing Plan (the "Plan"), and Gary Baugh appeal the district court's award of attorney's fees to Howard Johnson & Company ("Howard Johnson & Co."). The attorney's fees at issue were awarded under 29 U.S.C. § 1132(g)(1) of the Employee Retirement Income Security Act ("ERISA") after the Plan's and the Beneficiaries' unsuccessful ERISA action against Howard Johnson & Co. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand in part.

### BACKGROUND

Baugh Construction and Engineering Company ("Baugh Construction") formed the Plan in 1971 for its salaried employees. Gary Baugh, the president of Baugh Construction, also served as the Plan's administrator and one of its two trustees.[1] The Plan's trustees employed Howard Johnson & Co. as an ERISA consultant and advisor. In 1978, the Plan began a series of real estate investments in Alaska that greatly reduced the diversification of its investments; by 1986, almost 68% of the Plan was invested in Alaska real estate. Then, in the mid–1980s, Alaska's real estate market collapsed, and the value of the Plan's assets plummeted.

In early 1990, the Beneficiaries, who were employees of Baugh Construction and their spouses, brought suit against the trustees, the Plan, and Baugh Construction alleging breach of fiduciary duties under ERISA. The Plan cross-claimed for indemnity against the trustees and Baugh Construction. The Plan also filed a third-party complaint against Howard Johnson & Co. alleging violations of ERISA and state common law. In November 1991, the Beneficiaries amended their complaint to include ERISA and state common law claims against Howard Johnson & Co. Subsequently, the district court approved a settlement agreement among the Beneficiaries, the Plan, the trustees, and Baugh Construction. As a result, the only remaining claims were those by the Beneficiaries and the Plan against Howard Johnson & Co.

In November of 1992, the district court dismissed all of the Plan's and the Beneficiaries' claims on summary judgment motions brought by Howard Johnson & Co. The court dismissed the Plan's ERISA claims for lack of standing, citing 29 U.S.C. § 1132(a), which provides that only plan participants, beneficiaries, fiduciaries, or the Secretary of Labor have standing to bring a civil action under ERISA. The district court held that the Plan was not an entity listed in § 1132(a)

---

1. The other trustee was Carol Allison. Because the district court did not award attorney's fees against Allison, she has not joined in this appeal.

and, therefore, lacked standing to bring a civil action under ERISA. Having disposed of the ERISA claims against Howard Johnson & Co., the district court dismissed the Plan's state law claims as well by finding that it had no jurisdiction over them because the Plan lacked standing in the ERISA action.

As to the Beneficiaries' ERISA claims, the district court held that Howard Johnson & Co. owed them no duty under the Plan because it was merely a consultant to the trustees and not a plan fiduciary. Although the district court concluded that the Beneficiaries had standing to bring their ERISA claims, it declined to exercise pendent jurisdiction over their state law claims.

Finally, the district court exercised its discretion under 29 U.S.C. § 1132(g)(1) and awarded attorney's fees to Howard Johnson & Co. The court held the Beneficiaries, the Plan, and Mr. Baugh jointly and severally liable for the fees. Each appeals the award of attorney's fees to Howard Johnson & Co.

## STANDARD OF REVIEW

■■■ Interpretation of ERISA is reviewed de novo. *Long v. Flying Tiger Line, Inc.*, 994 F.2d 692, 694 (9th Cir.1993). Where ERISA has been correctly interpreted, we review the district court's decision regarding the award of attorney's fees for abuse of discretion. *Paddack v. Morris*, 783 F.2d 844 (9th Cir.1986). "Abuse of discretion is found only when there is a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors." *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir.1980).

**2.** The court's discretion to award fees is guided by five criteria, known as the *Hummell* factors: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980).

The parties dispute whether the district court correctly applied these factors in exercising its discretion to award attorney's fees. We need not

## ANALYSIS

The issue before us is whether the district court erred in awarding attorney's fees under § 1132(g)(1) to Howard Johnson & Co. against the Beneficiaries, the Plan, and Mr. Baugh.

■■■ Section 1132(g)(1) of 29 U.S.C. gives the district court discretion to award attorney's fees to either party in an ERISA action: "In any *action under this subchapter ... by a participant, beneficiary, or fiduciary*, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." (Emphasis added.) The express language of the statute authorizes an award of attorney's fees only when the action is brought by one of the parties enumerated in § 1132(g)(1). *M & R Investment Co. v. Fitzsimmons*, 685 F.2d 283, 288 (9th Cir. 1982). Where one of the above enumerated parties—participant, beneficiary, or fiduciary—brings an action, the district court has discretion to award attorney's fees to either plaintiffs or defendants.[2] *Carpenters Southern California Administrative Corp. v. Russell*, 726 F.2d 1410, 1415 (9th Cir.1984).

■■■ Applying § 1132(g)(1), we have refused to award attorney's fees in ERISA actions not brought by one of the enumerated parties.[3] *See, e.g., Downey Community Hospital v. Wilson*, 977 F.2d 470, 475 (9th Cir.1992) (reversing an award of attorney's fees because the action, by an insurance company, was not an action brought by an ERISA participant, beneficiary, or fiduciary);

determine this issue because, as set forth below, we find on different grounds that the district court lacked authority to award the attorney's fees except as to the beneficiaries.

**3.** Howard Johnson & Co. cites numerous cases for the proposition that a non-enumerated party may be awarded attorney's fees. *See* Appellee's brief at 23. We agree. But these cases are inapposite. The critical issue is whether the *plaintiffs*, not Howard Johnson & Co., were participants, beneficiaries, or fiduciaries of the ERISA plan at issue here. In each of the cases cited by Howard Johnson & Co., the party *initiating* the action was one of the enumerated parties.

*M & R Investment,* 685 F.2d at 288 (9th Cir.1982) (affirming a denial of attorney's fees because the action, by an investment company, was not brought by an ERISA plan participant, beneficiary, or fiduciary).

Case law has created two exceptions to this general rule. Under the first exception, a court may assess attorney's fees against a multi-employer benefit plan that unsuccessfully sues an employer for non-payment of ERISA contributions. *See Carpenters Southern California Administrative Corp.,* 726 F.2d at 1415–16 (9th Cir.1984) (holding attorney's fees may be awarded under § 1132(g)(1) to employers who successfully defend actions brought against them under § 1145).[4] ·Because the case at bar does not involve an action against an employer for non-payment of contributions, this exception does not apply.[5]

We have recently recognized a second exception to the general rule that attorney's fees are only available in actions brought by one of, the parties enumerated in § 1132(g)(1). In *Credit Managers Ass'n of Southern California v. Kennesaw Life and Accident Insurance,* 25 F.3d 743 (9th Cir. 1994), a plaintiff that claimed to be an ERISA fiduciary brought an action for damages under ERISA. Plaintiff successfully resisted a motion for summary judgment that attacked its standing as a possible fiduciary. The representations that formed the basis for the plaintiff's survival of summary judgment were later found by the trial judge to have been made in bad faith. At trial, the plaintiff failed to prove that an ERISA plan had been established. The plaintiff then argued that fees could not be awarded against it under § 1132(g)(1) because, having failed to establish that an ERISA plan existed, it could not be an ERISA fiduciary.

In *Credit Managers* we rejected this argument. We held that because plaintiff by colorably maintaining for a long time, without any evidentiary basis, "that it was a fiduciary of an ERISA plan throughout the proceedings below, in a manner sufficient to withstand summary judgment, ... the district court had authority to award attorney's fees under section 1132(g)(1) notwithstanding [the plaintiff's] ultimate failure to prove its claims." *Id.* at 747. Thus, when a party survives summary judgment and actually tries its case on the colorable theory that it is one of the enumerated parties specified in § 1132(g)(1), it may be subjected to an award

---

**4.** These cases do not specifically explain *why* employers who successfully defend such suits for ERISA contributions are entitled to fees even though the action was not brought by a plaintiff enumerated in § 1132(g)(1). Perhaps the courts have presumed that a plan suing an employer for ERISA contributions is acting as an ERISA fiduciary. Or, alternatively, the courts may be basing their statutory interpretation in part on § 1132(g)(2), a separate ERISA attorney's fee provision that *requires* courts to award fees to a *plan* that prevails in a suit against an employer for contribution to an ERISA plan under § 1145.

It is noteworthy, though, that in the cases applying this exception, standing was based on a different section of ERISA than is at issue in the case at bar; standing was based on 29 U.S.C. § 1132(d)(1) which specifically grants standing to *plans* to sue and be sued. The plans brought suit against the employers under 29 U.S.C. § 1145 (requiring "every employer who is obligated· to make contributions to a multi-employer plan ... [to] make such contributions in accordance with the terms and conditions of such plan or such agreement"). By contrast, the Plan in the case at bar unsuccessfully claimed standing under § 1132(a) which, as discussed above, limits its eligibility for civil enforcement of ERISA to participants, beneficiaries, fiduciaries, or the Secretary of Labor. *See, e.g., Operating Engineers Pension Trust v. Wilson,* 915 F.2d 535 (9th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 3013, 120 L.Ed.2d 886 (1992); *Operating Engineers Pension Trust v. B & E Backhoe Inc.,* 911 F.2d 1347 (9th Cir.1990).

**5.** Two cases cited by Howard Johnson & Co. fall within this exception. *See Operating Engineers Pension Trust v. Gilliam,* 737 F.2d 1501 (9th Cir.1984); *Operating Engineers Pension Trust v. Wilson,* 915 F.2d 535 (9th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 3013, 120 L.Ed.2d 886 (1992). Contrary to Howard Johnson & Co.'s assertion, there is nothing in these cases to support the broad proposition that attorney's fees are not limited to actions brought by one of the enumerated plaintiffs in § 1132(g)(1). Neither case even discusses the issue of who must bring suit to qualify for attorney's fees under § 1132(g)(1). Howard Johnson & Co.'s reading of *Gilliam* and *Wilson* would cause an unnecessary conflict with the cases cited above that have *explicitly* limited attorney's fees to actions brought by one of the enumerated plaintiffs. *Gilliam* and *Wilson* are best understood as applications of the exception for cases involving actions against an employer for non-payment of contributions.

of fees when it fails to prevail on that ground because its claim lacks any evidentiary basis.

### A. Attorney's Fees Against the Plan and the Beneficiaries

The Plan was clearly not an enumerated party under § 1132(g)(1), and that was the ground on which the district court granted summary judgment against it on its ERISA claim. No one seriously contests that point on appeal.

 Howard Johnson & Co. contends, nevertheless, that fees may be awarded against the Plan under the rationale of *Credit Managers*. *Credit Managers* does not, however, extend that far. Although Howard Johnson & Co. asserts that the Plan opposed a motion to dismiss on the ground, among others, that it was a fiduciary, that claim was not colorable nor was it made in bad faith. Most important, the Plan's possible status as a fiduciary did not survive summary judgment, as *Credit Managers* requires; the Plan's lack of status as a party enumerated in § 1132(g)(1) was, as we have said, the sole ground of the summary judgment against it on the ERISA claim. Consequently, the district court lacked authority to award fees against the Plan under § 1132(g)(1).

 The Beneficiaries are in a different position from the Plan. They sued as beneficiaries, and asserted an ERISA claim against Howard Johnson & Co. for breach of fiduciary duty. Their status neither changed during the course of the litigation nor was contested, and they were clearly a party under § 1132(g)(1) which authorizes an award of fees against them. The Beneficiaries argue, however, that they are not subject to a fee award under *Credit Managers* because Howard Johnson & Co. succeeded at the summary judgment stage in establishing that it was not an ERISA fiduciary. Thus, the Beneficiaries contend, their status as enumerated beneficiaries *vis-a-vis* Howard Johnson & Co. did not survive summary judgment, as *Credit Managers* requires. But the statute covers beneficiaries, and it is immaterial that an opposing party does not fall within the enumerated classes. Even so, we conclude that although the Beneficiaries qualify as enumerated parties under § 1132(g), the dis-

trict court abused its discretion in awarding full fees against them.

 The overriding purpose of ERISA is to provide relief to beneficiaries with legitimate claims. *See Smith v. CMTA–IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984). We have frequently expressed our disfavor of awards of attorney's fees against individual ERISA plaintiffs who seek pension benefits to which they believe they are entitled. *See Credit Managers*, 25 F.3d at 748; *Flanagan v. Inland Empire Elec. Workers Pension Plan*, 3 F.3d 1246, 1253 (9th Cir. 1993); *Tingey v. Pixley–Richards West, Inc.*, 958 F.2d 908, 909 (9th Cir.1992). Our position "reflects the fact that the equitable factors set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452–53 (9th Cir.1980), 'very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.'" *Credit Managers*, 25 F.3d at 748 (internal quotation omitted). That tendency holds true here, where the Beneficiaries sought to recover for errors that severely threatened the ability of the Plan to pay their entitled benefits.

The *Hummell* factors are: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell*, 634 F.2d at 453.

The first factor favors the Beneficiaries; the district court found no bad faith on their part. Although the district court found the Beneficiaries not to be impecunious, the second factor favors them because individual payment of these substantial fees would be a heavy burden. As the district court recognized, the indemnity agreement between the beneficiaries and Baugh Construction does not affect the appropriateness of an award. As for deterrent effect, an award might deter groundless claims, as the district court found,

but it would also tend to deter marginal but meritorious ones. The fourth, factor was found by the district court to be essentially neutral; an important issue was involved but the outcome was relatively predictable. Finally, the merits favored Howard Johnson & Co. (as they presumably will always favor a prevailing party) insofar as the Beneficiaries were unable to establish that Howard Johnson & Co. was a fiduciary, but the district court indicated that it could not characterize the litigation as frivolous or brought in bad faith. Moreover, the question of whether Howard Johnson & Co. may be liable other than as a fiduciary remains to be litigated.

On this balance, we conclude that the award of full attorney's fees against the individual beneficiaries was an abuse of discretion. An award would unduly chill meritorious claims, thus "undermin[ing] the purpose of ERISA." *Downey*, 977 F.2d at 475. The case is remanded for the district court to reconsider whether to award attorney's fees against the Beneficiaries, and if so, to establish an appropriate amount that will not unduly chill meritorious claims.

B. Attorney's Fees Against Gary Baugh

■ The district court awarded attorney's fees against Gary Baugh, the president of Baugh Construction, who also served as the Plan administrator and one of its two trustees. Mr. Baugh did not join the action against Howard Johnson & Co. in his individual capacity. Mr. Baugh claims that the district court erred in assessing attorney's fees against him because he was *not* a party in the action against Howard Johnson & Co.

The district court concluded that Mr. Baugh is liable for attorney's fees because he induced the Beneficiaries to sue Howard Johnson & Co. and was motivated to do so to spread the loss resulting from the Beneficiaries' action against him. According to the district court, Mr. Baugh should be "prepared to shoulder the expense that he occasions in so doing." ER at 244.

As an initial matter, we find that Mr. Baugh may not be held liable for attorney's fees under ERISA because he is not an enumerated party bringing the ERISA action, nor was the action which was initiated

against him brought by one of the enumerated parties. Thus, the district court did not have any authority to award attorney's fees against Mr. Baugh under ERISA.

■ Nevertheless, even in the absence of statutory authority, a court may impose attorney's fees against a non-party as an exercise of the court's inherent power to impose sanctions to curb abusive litigation practices. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (a court may assess attorney's fees against counsel who willfully abuses judicial processes). In addition, a court may impose attorney's fees to sanction a non-party whose actions or omissions cause the parties to incur additional expenses. *See SECO Nevada v. McMordie (In re Holloway)*, 884 F.2d 476, 477 (9th Cir.1989) (per curiam) (sanctioning a court reporter for "repeated and flagrant failures to meet court-imposed deadlines" that resulted in "severe prejudice to both the parties and the court"); *see also Moten v. Bricklayers, Masons and Plasterers International Union of America*, 543 F.2d 224 (D.C.Cir.1976) (per curiam) (imposing 50% of the fees and costs upon a non-party who unsuccessfully sought to become a party, thereby incurring additional expenses for the fee petitioner).

■ In the case at bar, the record does not indicate that Mr. Baugh willfully abused the judicial process or unreasonably caused the parties to bear additional costs. The district court noted that Mr. Baugh did not act in bad faith. Mr. Baugh's only connection with the lawsuit against ERISA was what the district court perceived as a calculated decision to spread his losses by taking a "long shot" at Howard Johnson & Co. by engineering the Plan's suit and inducing the Beneficiaries to sue Howard Johnson & Co. ER at 243–44. This is insufficient to trigger sanctions against a non-party.

Both parties request attorney's fees for the appeal under 29 U.S.C. § 1132(g), the same provision discussed above, under which the district court awarded fees to Howard Johnson & Co. For the same reasons that attorney's fees are not available at the trial court,

they also are not available under § 1132(g) on appeal.

REVERSED and REMANDED IN PART.