142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RONDOR MUSIC INTERNATIONAL, INC., a California corporation,
Plaintiff-Appellee,
v.
GREAT WEST LIFE & ANNUITY INSURANCE COMPANY, a Colorado
corporation, Defendant-Appellant.
 No. 97-55051.
D.C. No. CV-95-06414-JMI.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted April 8, 1998.
Decided April 20, 1998.
 
 Appeal from the United States District Court for the Central District of California James M. Ideman, District Judge, Presiding.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review de novo the district court's interpretation of the contract between Rondor and Great West. HS Servs., Inc. v. Nationwide Mut. Ins. Co., 109 F.3d 642, 644 (9th Cir.1997). We review the district court's award of attorney's fees for an abuse of discretion. Corder v. Howard Johnson & Co., 53 F.3d 225, 229 (9th Cir.1994). "An abuse of discretion in the grant of attorney's fees in an ERISA case is found 'only when there is a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors.' " Franklin v. Thornton, 983 F.2d 939, 943 (9th Cir.1993) (quoting Hummell v. S .E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir.1980)). We affirm.
 
 A. Enforcement of the Stop-Loss Provision
 
 3
 We interpret the terms of Rondor's ERISA-governed plan in "an ordinary and popular sense as would a [person] of average intelligence and experience." Evans v. Safeco Ins. Co., 916 F.2d 1437, 1441 (9th Cir.1990). We must avoid straining to "torture or twist the language of the policy" where a reasonable interpretation of the contract exists. Id. Any ambiguities in Rondor's plan, however, are construed against the drafter, Great West. McClure v. Life Ins. Co. of N. Am., 84 F.3d 1129, 1134 (9th Cir.1996).
 
 
 4
 Great West's primary argument is that the contract's definitions of "specific loss" and "contract year" dictate that stop-loss coverage extends only to claims for which checks are issued before the termination date of the contract.
 
 
 5
 Great West's interpretation creates an ambiguity when considered against other provisions of the contract. In Rondor's Application for Coverage, which both parties acknowledge is a component of the integrated agreement, Rondor selected the Alternative Funding Option. The Alternative Funding Option provides that "[c]laims incurred prior to termination date continue to be paid up to 15 months from termination date." The plain language of the application makes clear that stop-loss coverage extends to payments made during this 15 month period as well:
 
 
 6
 Specific and monthly Stop Loss protection are automatically included in the Alternative Funding Option.
 
 
 7
 This language indicates that Rondor paid to extend stop-loss coverage to claims (such as Ms. Markoff's) that were incurred before the termination date, even if not processed or paid for up to 15 months after termination. To conclude otherwise would be to "torture or twist the language of the policy." Evans, 916 F.2d at 1441.
 
 
 8
 Great West rebuts this conclusion by arguing that the Alternative Funding Option provision cannot define the extent of Rondor's stop-loss coverage because it is part of a distinct document within the parties' integrated agreement. Great West argues that, instead, the court must look only to the terms and definitions contained within the actual stop-loss provision of the contract. Specifically, Great West reiterates that the amended definition of specific loss contained within the stop-loss provision calls for the Contract Year to end upon termination of the contract. Great West contends that the Alternative Funding Option merely provided that claims would still be processed during the 15 month period after termination, not that any stop-loss liability would extend during that period. Alternatively, Great West argues that only aggregate, not specific, stop loss would be extended for 15 months beyond the termination date by the Alternative Funding Option.
 
 
 9
 Great West's argument, however, runs contrary to the plain language of the contract's Alternative Funding Option. In a single paragraph, the Alternative Funding Option provides:
 
 
 10
 In the event of plan termination under the Alternative Funding Option, Terminal Stop Loss on an Advanced Guaranteed ("Run Off") basis is provided. Claims incurred prior to termination date continue to be paid up to 15 months from termination date.
 
 
 11
 To conclude that the first sentence does not extend stop-loss coverage to claims incurred before termination but not paid until after termination would render it superfluous. The stop-loss coverage had already been established in another part of the integrated agreement. The plain meaning of the paragraph is that the Alternative Funding Option extends stop-loss protection to the species of claims incurred prior to termination but investigated and paid within the 15 months following termination.
 
 
 12
 To the extent that Great West's suggested interpretation of the stop-loss provision runs contrary to the plain language of the Alternative Funding Option and the contract provisions regarding terminal protection, the ambiguity is resolved in favor of Rondor. See McClure, 84 F.3d at 1134. Rondor's stop-loss coverage extends to Ms. Markoff's claim despite the fact that it was not processed and paid until after the termination date of the contract between Rondor and Great West. The district court did not err in granting summary judgment.
 
 B. Attorney's Fees
 
 13
 Section 502(g) of ERISA provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). "Fiduciary status ... is not an all or nothing concept.... [A] court must ask whether a person is a fiduciary with respect to the particular activity in question." Maniace v. Commerce Bank, 40 F.3d 264, 267 (8th Cir.1995).
 
 
 14
 ERISA explains that a person is a fiduciary to the extent he exercises discretionary authority or control over a benefit plan, controls the disposition of its assets, or has discretionary authority or responsibility for administering the plan. 29 U.S.C. § 1002(21)(A). It was Rondor's responsibility to establish and maintain the plan and to establish the parameters for eligibility. Further, Rondor exercised discretionary control over who would administer the plan and whether to continue funding the plan. These discretionary responsibilities make Rondor the sort of fiduciary contemplated by § 502 of ERISA. Moreover, Rondor was exercising its discretion when it selected Great West as its administrator and when it purchased the stop-loss coverage. This is sufficient to render Rondor a fiduciary for purposes of this action. See Broadnax Mills, Inc. v. Blue Cross & Blue Shield, 867 F.Supp. 398, 404-05 (E.D.Va.1994).
 
 
 15
 We have recently held that, where the result of the attorney's fees inquiry is sufficiently "evident from the order of the district court, it is unnecessary for the court to engage in a discussion of the factors enumerated in Hummell." Nelson v. EG & G Energy Measurements Group, Inc., 37 F.3d 1384, 1392 (9th Cir.1994) (Hummell analysis unnecessary where plaintiffs "prevailed completely on the sole issue ..., received the entire relief sought, and resolved a significant legal question) (internal citation omitted). Rondor prevailed completely on the sole remaining issue, namely the application of stop-loss coverage to Ms. Markoff's claim, and was granted exactly the relief that is sought. The outcome of any Hummell analysis is at least as evident from the district court's order as it was in Nelson. It was not error to fail to engage in a specific discussion of the Hummell factors in the order awarding attorney's fees. Nelson, 37 F.3d at 1392.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except in accordance with Ninth Cir.R. 36-3