**Jane GHORBANI, Plaintiff,**

v.

**PACIFIC GAS & ELECTRIC COMPANY GROUP LIFE INSURANCE, Defendant.**

No. C–99–3306–VRW.

United States District Court, N.D. California.

June 16, 2000.

Clifford Malone, Jr., Walnut Creek, CA, for plaintiff.

Michael Whelan, Deborah Shefler, Pacific Gas & Electric Company, San Francisco, CA, for defendant.

## ORDER.

WALKER, District Judge.

In this action under section 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a), a disability plan beneficiary challenged a denial of benefits. On January 28, 2000, the court granted summary judgment in favor of defendant. (Doc 27). Defendant now moves for an award of attorney fees pursuant to section 502(g) of the Act, 29 U.S.C. § 1132(g). Upon consideration of the arguments of the parties in their initial and supplemental briefs and at oral argument, and for the reasons stated below, defendant's motion is GRANTED.

Section 502(g) of the Act provides, in relevant part:

> In any action under this subchapter *** by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1).

Plaintiff raises the threshold issue whether, under this provision, attorney fee awards to defendants in unsuccessful cases brought by individual plan participants are disfavored. The Ninth Circuit has given mixed signals on the point. In *Corder v. Howard Johnson & Co.*, 53 F.3d 225 (9th Cir.1994), the court stated: "We have frequently expressed our disfavor of awards of attorney's fees against individual ERISA plaintiffs who seek pension benefits to which they believe they are entitled." Id. at 231. More recently, however, in reviewing a district court's attorney fee award, the court wrote: "We first disabuse the district court of the suggestion that we favor one side or the other in ERISA fee cases. The statute is clear on its face—the playing field is level." *Estate*

*of Shockley v. Alyeska Pipeline Service Co.*, 130 F.3d 403, 408 (9th Cir.1997).

Despite the conflicting attitudes expressed by the panels in these cases, both adhered to application of the five-factor test set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452–53 (9th Cir.1980). Under *Hummell*, the court's discretion to award attorney fees under ERISA is guided by

> (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA and (5) the relative merits of the parties' positions.

*Corder*, 53 F.3d at 231.

In cases predating *Shockley*, several courts noted that these equitable factors "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." Id; *Credit Managers Ass'n v. Kennesaw Life & Acc. Ins.*, 25 F.3d 743, 748 (9th Cir.1994); *Tingey v. Pixley–Richards West, Inc.*, 958 F.2d 908, 909 (9th Cir.1992) (citations omitted). An individual plaintiff's ability to pay, for example, will often be limited. Perhaps most significantly, courts have expressed concern that fee awards against individual plaintiffs may frustrate the purpose of ERISA by chilling meritorious suits. See *Corder*, 53 F.3d at 232. Often this point arises in discussion of the third *Hummell* factor, i.e., "whether an award of fees against the opposing party would deter others from acting in similar circumstances." Courts have interpreted this factor to require a focus not only on groundless lawsuits or defense of clear ERISA violations, but on the tendency of an award to deter "marginal but meritorious [claims]." Id. Whether or not this is a proper reading of the third *Hummell* factor, it is reasonable

to conclude that imposing liability on plan participants for unsuccessful ERISA lawsuits could erect a barrier to enforcement of the statute. Given this, it would seem that the "level playing field" metaphor of *Shockley* is problematic.

The above assumes that a fee award is contemplated against an individual plaintiff/plan participant, for which that plaintiff will be solely responsible. But an action brought by a *contingent fee lawyer* on behalf of a plan beneficiary requires a different analysis. In particular, two questions arise: (1) Should contingent fee counsel be subject to liability for a prevailing defendant's fees and costs? and (2) To what extent does participation of a contingent fee lawyer influence the *Hummell* analysis?

With respect to the first question, the court concludes that potential liability of contingent fee counsel for fees and costs is appropriate under section 502(g). By virtue of the contingent fee contract, plaintiff's counsel is, for all practical purposes, a party in interest. When a contingent fee attorney brings a case under a statute with a bilateral fee-shifting provision, such as section 502(g), he acquires a stake in a claim which, by statute, has both an upside and a downside. The latter is the possible claim for fees and costs of a prevailing defendant, counsel's liability for which must be viewed as part of the contingent fee bargain.

In addition, the dominant role of counsel in the decision to bring a contingent fee case and in management of the case supports potential liability under section 502(g). Potential liability will, of course, affect the decision of the attorney to pursue the claim. But that is as it should be. A bilateral fee shifting provision signals legislative concern for prudent pursuit of litigation. An adverse fee award against unsuccessful contingent fee counsel, insofar as it promotes such prudence, is in keeping with the mandate of section 502(g). And to the extent that *Corder* and

other cases reflect judicial reluctance to award fees against individual plan participants due to concern about frustrating the purpose of ERISA by intimidating or penalizing plaintiffs, this concern should not extend to awards against contingent fee counsel. Such lawyers require no added incentive, beyond the contingent fee arrangement, to file meritorious lawsuits.

Plaintiff's counsel acknowledged at oral argument that the fee agreement in this case includes a provision indemnifying counsel from liability for an award of fees or costs in the action. The court finds this troubling. It is inconsistent with counsel's duty to accept the risks of litigating a claim on a contingent fee basis; it also provides some evidence of counsel's lack of faith in the merits of the claim. Nevertheless, an indemnification provision in the fee agreement only applies as between plaintiff and plaintiff's counsel, the parties to the agreement. It does not affect defendant's ability directly to enforce a judgment against either one. Bearing this in mind, and having concluded that both plaintiff and contingent fee counsel can be liable for fees and costs under section 502(g), the court concludes that the correct approach is to determine liability of each via separate *Hummell* analyses. See *Loving v. Pirelli Cable Corp.*, 11 F.Supp.2d 480, 495–97 (D.Del.1998) (considering plaintiff and counsel in applying five-factor test and awarding fees against counsel only). Insofar as *Hummell* directs the court to examine the conduct (bad faith) or status (ability to pay) of the losing "party," a focus on plaintiff only goes part way. Similarly, the deterrence factor is meaningful only if the court considers the effect of a fee award on the decision-makers in contingent fee cases, namely counsel, whose fee arrangement makes prosecution of the case possible.

The first *Hummell* factor is "the degree of the opposing party's culpability or bad faith." *Corder*, 53 F.3d at 231. Defendant invites the court to construe as bad faith plaintiff's pursuit of this action in the face of letters from defense counsel arguing the weakness of her position and threatening to seek sanctions. But this is not evidence of bad faith. To the contrary, the strenuousness with which a defendant objects to a plaintiff's claim might legitimately be regarded as a sign that a case has merit. As Gertrude's observation to Hamlet reveals, suspicions are rightly fueled by one who "doth protest too much." Act III, scene 2.

The provision in the contingent fee agreement at bar indemnifying counsel from liability for any award of fees or costs affords some evidence of counsel's lack of faith in the merits of the claim. To this extent the first *Hummell* factor tends to weigh against plaintiff's counsel, while the absence of any evidence of bad faith on the part of plaintiff tips the first factor in plaintiff's favor.

The second *Hummell* factor is "the ability of the opposing party to satisfy an award of fees." *Corder*, 53 F.3d at 231. Plaintiff is disabled and currently receiving several forms of financial assistance, including payments from defendant. This factor therefore does not support a fee award against plaintiff. See *Tingey*, 958 F.2d at 909.

The issue is more complicated with respect to plaintiff's counsel. Counsel has filed an affidavit in which he states that "[i]t is a constant struggle to pay for business and personal expenses" and that he is "not in any position to pay attorneys' fees at this point." See Supp.Decl. of Clifford B. Malone in Opp. to Mtn. for Atty. Fees at 2. The court is troubled by this plea. Plaintiff's claim is an asset that she entrusted to her lawyer. In order to realize the full value of that asset, the lawyer may be required to hold out, to reject settlement offers and thereby—when a contingent fee arrangement exists—further finance the maintenance of the claim. A lawyer strapped for cash is not positioned to perform this vital client service.

It is therefore in the client's interest to have assurance of a lawyer's solvency before agreeing to entrust a claim to him under a contingent fee contract. Such assurance is not required by regulatory enactment applicable to lawyers as in the case of many other fiduciaries (such as banks and other financial institutions, insurance companies and the like). Rather, this assurance rests implicitly in the lawyer's ethical obligation to subrogate his own interest to that of his client.

 It follows that a lawyer may bring a case on a contingent fee basis consistent with ethical obligations only if able fully to finance the case, including satisfying any liability for fees and expenses reasonably likely to result from the litigation. This ethical principle underlies the rule that the court applies today with respect to the second *Hummell* factor: contingent fee counsel shall be conclusively presumed able to pay a fee award to the adverse party. A contrary rule would exacerbate the problem of cases in which financial straits present a powerful incentive to contingent fee counsel to settle early, with their own interests clouding those of clients. Attorneys willing to proceed on a contingent fee basis must be presumed to have the financial wherewithal to satisfy not just the obligation of faithful performance of the attorney's duty to the client, but any obligation to third parties—in this case the defendant—that arises as a result of the attorney's decision to bring the case. Counsel's affidavit notwithstanding, the court finds therefore that the second Hummell factor supports a fee award against him.

As noted above, courts assessing the third *Hummell* factor have focused on two types of deterrence. Some courts query whether an award of fees would tend to chill meritorious claims, *Corder*, 53 F.3d at 232, while others ask whether an award will have the positive effect of "discourag[ing plaintiffs] from asserting, and possibly fabricating, claims with no basis in law

or fact." *Paddack v. Morris*, 783 F.2d 844, 847 (9th Cir.1986).

The court has already concluded that a fee award against individual plaintiffs is in tension with the goal of ERISA to protect plan beneficiaries, but that with respect to contingent fee counsel, the deterrent effect of an award is offset by the contingent fee. incentive and serves the statutory purpose of channeling resources to meritorious cases. The court must also bear in mind the value to plan participants flowing from fee awards to plan defendants. The costs of defending challenges to plan administration, in the end, are borne at least in part by the plan itself and thus indirectly by plan participants. Insofar as fee awards deter meritless claims and render less costly the plan's defense, plan participants reap advantage. For these reasons the court concludes that the third *Hummell* factor supports a fee award against plaintiff's counsel but not plaintiff.

The fourth factor asks whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA. In this case the "party requesting fees" is the defendant; the court is inclined to agree with the observation that the factor is "more appropriate to a determination of whether to award fees to a plaintiff than to a defendant." *Tingey*, 958 F.2d at 909 (quoting *Marquardt v. North Am. Car Corp.*, 652 F.2d 715, 719 (7th Cir.1981)).

In any event, this case involved no question not easily resolved by reference to the terms of the plan and well-settled law; indeed, for the reasons discussed in the court's summary judgment order, plaintiff's claim was particularly anemic on the merits. Thus the fourth *Hummell* factor weighs against a fee award, whereas the fifth factor, which considers the merits, supports an award. But here again, plaintiff's counsel is more strongly implicated than plaintiff due to his enhanced ability to evaluate the merits of the claim.

**1170**

■ In sum, after consideration of the *Hummell* factors separately with respect to plaintiff and plaintiff's counsel, the court concludes that defendant is entitled to recover its fees and costs under section 502(g) from plaintiff's counsel only. This result is consistent with the goal of the fee-shifting provision to improve the quality of ERISA litigation, while respecting the statutory purpose of protecting plan participants and targeting the individual most responsible for the fees and costs incurred. The court has reviewed the materials documenting fees incurred by defendant in this litigation and concludes that the requested amount is reasonable. The clerk shall enter an award in favor of defendants pursuant to 29 U.S.C. § 1132(g) in the amount of $7,200, representing compensation for 40 attorney hours at the rate of $180 per hour, for which plaintiff's counsel shall be liable.

IT IS SO ORDERED.