Alexander P. SOMMER, Plaintiff—
Appellant,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA, Defendant—
Appellee.

Alexander P. SOMMER, an
individual, Plaintiff,

v.

Unum Life Insurance Company
of America, a corporation,
Defendant—Appellee,

John G. Warner, Real-party-
in-interest—Appellant.

Alexander P. SOMMER, an individual,
Plaintiff—Appellant,

v.

First Unum Life Insurance Company, a
corporation, et al., Defendants—
Appellees.

No. 01–15733.
D.C. No. CV–00–1368 SBA.
D.C. No. CV–96–02407–DLJ(PJH).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2002.

Decided May 10, 2002.

Before SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges.

MEMORANDUM *

Beginning in the mid–1990s, Appellant Alexander Sommer sought disability benefits under policies he obtained through his employer, Wedbush. Following denial of benefits by appellee UNUM, he sued in federal court.

This panel's consideration is the fifth given to this case in the federal courts. District Court Judge Jensen issued a final judgment in *Sommer I.* This court affirmed the summary judgment. *Sommer v. UNUM Life Ins. Co. of Am.,* 1999 WL 173570, 1999 U.S. App. LEXIS 5388 (9th Cir.1999). Sommer filed his claim with the company again. His claim was for the same disability and the same policy, so UNUM rejected it again. Following this second rejection, Sommer filed his second suit in federal district court. In *Sommer II,* District Judge Armstrong dismissed the case based on lack of jurisdiction because *Sommer I* was pending before the Ninth Circuit and also imposed $1,000 in Rule 11 sanctions. She noted that even if the court did have jurisdiction, *Sommer II* would be barred by res judicata as a result of *Sommer I.* This court agreed, affirming on res judicata grounds. *Sommer v. UNUM Life Ins. Co. of Am.,* 1999 WL 173592, 1999 U.S.App. LEXIS 5382 (9th Cir.1999). After yet another rejection of the same disability claim by UNUM, Sommer brought a third suit, again in Judge Armstrong's court. The district court dismissed *Sommer III* on res judicata grounds. The district court also imposed $2,500 in Rule 11 sanctions and assessed attorneys' fees and costs against Sommer's attorney pursuant to 29 U.S.C. § 1132(g)(1).

Sommer appeals these *Sommer III* decisions, as well as Judge Jensen's refusal to amend his final judgment in *Sommer I* per

Sommer's Rule 60(a) motion. We have jurisdiction over all of Sommer's claims pursuant to 28 U.S.C. § 1291. We affirm the *Sommer III* district court's decision in all respects. We also affirm the *Sommer I* court's denial of Sommer's Rule 60(a) motion for correction of a clerical mistake.

Because the parties are familiar with the facts underlying Sommer's appeal, we repeat them only as necessary.

Sommer claims that District Judge Armstrong erred when she granted UNUM summary judgment in *Sommer III* on res judicata grounds. We review an order granting summary judgment de novo. *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001). To trigger the doctrine of res judicata, the earlier suit must have (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. *Sidhu v. Flecto Co.,* 279 F.3d 896, 900 (9th Cir.2002).

Sommer argues that res judicata does not apply because Judge Jensen did not, in fact, issue a final judgment on the merits in *Sommer I.* Sommer claims that his failure to exhaust his administrative remedies should have resulted in a dismissal without prejudice rather than summary judgment.

■ Sommer is incorrect. Summary judgment is an appropriate action where a plaintiff has failed to exhaust ERISA administrative remedies. *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1480 (9th Cir.1995); *Sarraf v. Standard Ins. Co.,* 102 F.3d 991, 992 (9th Cir.1996). Judge Jensen recognized as much by citing *Denton v. First Nat'l Bank,* 765 F.2d 1295 (5th Cir.1985), which holds that, although remand is often desirable, summary judgment is also appropriate where a plaintiff has failed to exhaust remedies.

Next Sommer argues that Judge Armstrong abused her discretion when she imposed Rule 11 sanctions in *Sommer III.* Orders imposing Rule 11 sanctions are reviewed for an abuse of discretion. *Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 788 n. 16 (9th Cir.2001). A district court abuses its discretion in imposing sanctions when it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Weissman v. Quail Lodge, Inc.,* 179 F.3d 1194, 1198 (9th Cir.1999).

■ Judge Armstrong imposed Rule 11 sanctions after finding that the *Sommer III* complaint was frivolous in light of *Sommer I* and *Sommer II.* We agree. As Judge Armstrong noted, Sommer's counsel "should have known, after *Sommer I* and *Sommer II,* that the claim for benefits under the Wedbush policy was barred by the doctrine of res judicata." This court held in *Sommer II* that res judicata barred the claims, thus foreclosing relitigation of whether or not there was a final judgment in *Sommer I.* Seeking another bite at the apple by filing *Sommer III* in the hope of a different result was frivolous. Judge Armstrong did not abuse her discretion when she imposed sanctions under Rule 11.

■ Sommer also challenges Judge Armstrong's order requiring Sommer's attorney to pay $6,574.85 in attorneys' fees and costs to UNUM. Judge Armstrong imposed sanctions under ERISA pursuant to 29 U.S.C. § 1132(g)(1). That section provides:

> In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

In *Hummell v. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980), we set out five factors a court should consider in exercising its discretion to award fees and costs under § 1132(g)(1): (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Id.*

We review an award of attorneys' fees pursuant to ERISA under an abuse of discretion standard. *Id.* at 452. We will find an abuse of discretion only when we have a definite conviction that the court made a clear error of judgment in its conclusion upon weighing relevant factors. *Id.*

Sommer does not argue with the district court's specific findings with respect to the *Hummell* factors. Instead, he argues that Judge Armstrong did not have the authority to impose the fees and costs on his attorney because counsel was not "a participant, beneficiary, or fiduciary" per § 1132(g)(1). Sommer is mistaken in his reading of the statute. Section 1132(g)(1) requires only that the underlying action be brought by a participant, beneficiary, or fiduciary. The text in no way limits the imposition of fees and costs to those entities. Judge Armstrong stated as much in her order, citing *Corder v. Howard Johnson & Co.*, 53 F.3d 225 (9th Cir.1994) ("Where one of the above enumerated parties—participant, beneficiary, or fiduciary—brings an action, the district court has discretion to award attorney's fees to either plaintiffs or defendants.") Judge Armstrong considered each *Hummell* fac-

tor carefully and concluded that *Hummell* factors 1, 2, 3, and 5 weighed strongly in favor of imposing attorneys' costs and fees against Sommer's counsel. She did not abuse her discretion in awarding UNUM fees and costs.

Sommer's final claim arises out of *Sommer I* and is very similar to his res judicata argument in *Sommer III* (see above). While *Sommer III* was pending before Judge Armstrong, Sommer filed a motion with Judge Jensen pursuant to Rule 60(a). In it, Sommer argued that Judge Jensen's designation of his final order in *Sommer I* as a "summary judgment" rather than a "dismissal judgment" was a clerical error.

Rule 60(a) provides that:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party or after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

In his denial of Sommer's Rule 60(a) motion, Judge Jensen made clear that there was, in fact, no clerical error: he intended his June 17, 1997 order in *Sommer I* to be a summary judgment, and not a dismissal without prejudice. As discussed above, either was within the district court's authority because Sommer had failed to exhaust his administrative remedies as ERISA requires. Furthermore, Rule 60(a) applies during the pendency of an appeal. By the time Sommer filed his Rule 60(a) motion, the *Sommer I* appeal had been over for nearly two years.

We affirm the judgments of both district courts. We will not entertain a motion for

any additional damages pursuant to Rule 38. These cases are concluded.

AFFIRMED.