BOARD OF TRUSTEES OF THE IUN-HCAMP HEALTH & WELFARE FUND, Plaintiff—Appellee,

v.

PROGRESSIVE HEALTH ALLIANCE, an unincorporated association; Raymond Palombo, an individual, Defendants—Appellants.

No. 03-56507.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2005.*

Decided June 14, 2005.

Daniel M. Shanley, Esq., Lee S. Feldman, Esq., De Carlo, Connor & Selvo, Los Angeles, CA, for Plaintiff-Appellee.

John M. Julius, III, Esq., Littler Mendelson, San Diego, CA, for Defendants–Appellants.

Before: TROTT, W. FLETCHER, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

Appellants Progressive Health Alliance and Raymond Palombo appeal the district court's order denying their motion for an award of attorney's fees following the court's dismissal of an action by the Board

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of Trustees of the International Union for the Natural Health, Complementary & Alternative Medicine Professions (the "Board of Trustees"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review *de novo* a district court's interpretation of provisions of the Employee Retirement Income Security Act ("ERISA"). *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 229 (9th Cir.1994). In the instant case, the district court determined that it lacked authority to grant the appellants' motion for attorney's fees under 29 U.S.C. § 1132(g)(1) because it dismissed the Board of Trustees' ERISA action for lack of subject matter jurisdiction. Appellants argue that the district court should have awarded attorney's fees pursuant to 29 U.S.C. § 1132(g)(1), because the Board of Trustees "colorably maintained" that it had a viable action under ERISA by aggressively pursuing unfounded ERISA claims throughout the proceedings.

Pursuant to 29 U.S.C. § 1132(g)(1), "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." By its express terms, the statute authorizes an award of attorney's fees "only when the action is brought by one of the parties enumerated in § 1132(g)(1)." *Corder*, 53 F.3d at 229. The appellants assert that the district court has authority to award attorney's fees under § 1132(g)(1) in reliance on an exception established in *Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743 (9th Cir.1994).

In *Credit Managers*, this Court awarded attorney's fees where the plaintiff "colorably maintained that it was a fiduciary of an ERISA plan throughout the proceedings below, in a manner sufficient to withstand summary judgment." *Id.* at 747. In *Corder*, this Court clarified that the exception in *Credit Managers* only applies "when a party survives summary judgment and actually tries its case on the colorable theory that it is one of the enumerated parties specified in § 1132(g)(1)." *Corder*, 53 F.3d at 230–31. Here, the Board of Trustees' action did not survive the appellants' motion for summary judgment on the issue of its fiduciary status.

Accordingly, the district court lacked authority to award attorney's fees under 29 U.S.C. § 1132(g)(1) because it lacked subject matter jurisdiction to consider the underlying ERISA claim, and the Board of Trustees' action failed to survive summary judgment.

AFFIRMED.