Florence (Carolyn) CROWE, on behalf
of Harold D. Crowe, Petitioner,

v.

ZEIGLER COAL COMPANY,
et al., Respondents.

No. 10–2174.

United States Court of Appeals,
Seventh Circuit.

Aug. 23, 2011.

James B. Speta, Attorney, Chicago, IL,
for Petitioner.

Laura M. Klaus, Attorney, Greenberg
Traurig, LLP, Rita A. Roppolo, Attorney,
Department of Labor Office of the Solici-
tor, Washington, DC, for Respondent.

Before KENNETH F. RIPPLE, Circuit
Judge, DAVID F. HAMILTON, Circuit
Judge and G. PATRICK MURPHY,
District Judge.*

## ORDER

We reversed and remanded a decision of
the Benefits Review Board with instruc-
tions to reinstate the ALJ's 2001 award of
benefits under the Black Lung Benefits
Act to Harold D. Crowe, for the benefit of
his widow, Florence Crowe. *Crowe v.
Zeigler Coal Co.*, 646 F.3d 435 (7th Cir.
2011). Crowe argued and this court found
that the modification proceeding before the
ALJ should have been dismissed when re-
spondent Zeigler Coal Company was liqui-
dated in bankruptcy and Zeigler's surety,
Travelers Companies, failed to seek timely
intervention in the modification proceed-
ing. Now, petitioner Crowe's counsel
moves the court to award $13,268.75 in
attorney fees and costs under the Black
Lung Benefits Act, 33 U.S.C. § 928(a).

Respondent Travelers is now responsi-
ble for the surety bond that covers Zeig-
ler's obligation to Crowe for benefits.
Travelers offered no response to Crowe's

---

* The Honorable G. Patrick Murphy of the
Southern District of Illinois, sitting by desig-
nation.

motion for fees "in light of [this court's opinion] that Travelers had no right to intervene in the proceeding." In fact, there is no doubt that Travelers had a right to intervene if it had done so promptly. See *Crowe*, 646 F.3d at 440–41, citing 20 C.F.R. § 725.360(a)(4). It would be more accurate to say that although Travelers had a right to intervene, it waited too long to do so. The result was prolonged litigation and expense.

The statute providing for fee-shifting in black lung cases states that a claimant's attorney who assists in the "successful pursuit or successful defense" of an appeal is entitled to fees. 33 U.S.C. § 928(a); see also 20 C.F.R. § 802.203(a), (b). Travelers does not dispute that Crowe prevailed, that she is entitled to fees, or that the requested fee amount is reasonable. The most Travelers says to dispute a fee award against it is that we decided its intervention was improper.

That is not a persuasive reason to deny the fee award. Because of Travelers' failure to intervene in this action in a timely manner, Zeigler's modification proceeding was "improperly[ ] kept alive ..., [obligating Crowe] to defend his award of benefits against a phantom litigant," and requiring this appeal. *Crowe*, 646 F.3d at 444. A fee-shifting statute can authorize a fee award against an unsuccessful intervenor who causes the prevailing party to incur additional fees. See *Moten v. Bricklayers, Masons and Plasterers Int'l Union of America*, 543 F.2d 224, 239 (D.C.Cir.1976) (ordering unsuccessful intervenor to pay attorney fee to prevailing plaintiff under Title VII of Civil Rights Act of 1964). In a similar black lung benefit case, we found a surety liable for fees and costs where the surety prosecuted the appeal after failing to intervene in a timely manner in administrative proceedings. See *Old Ben Coal Co. v. Office of Workers' Compensation*, No. 06–2189, (7th Cir. April 30, 2007) (order in black lung benefits case granting attorney fees and costs against nonparty BP America), citing *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1995), which in turn cited *Moten*. The same reasoning applies here. The application for fees is **GRANTED,** and petitioner's attorney is entitled to recover from respondent Travelers Companies the amount of $13,268.75.