**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

August 23, 2011

*Before*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

G. PATRICK MURPHY, *District Judge*[*]

No. 10-2174

| | |
|---|---|
| FLORENCE (CAROLYN) CROWE, on behalf of HAROLD D. CROWE, *Petitioner*, | Petition for Review of an Order of the Benefits Review Board. |
| | No. 09-BLA-0429 |
| *v.* | |
| ZEIGLER COAL COMPANY, *et al.*, *Respondents*. | |

**O R D E R**

We reversed and remanded a decision of the Benefits Review Board with instructions to reinstate the ALJ's 2001 award of benefits under the Black Lung Benefits Act to Harold D. Crowe, for the benefit of his widow, Florence Crowe. *Crowe v. Zeigler Coal Co.*, — F.3d — , 2011 WL 2138140 (7th Cir. June 1, 2011). Crowe argued and this court found that the modification

---

[*]The Honorable G. Patrick Murphy of the Southern District of Illinois, sitting by designation.

proceeding before the ALJ should have been dismissed when respondent Zeigler Coal Company was liquidated in bankruptcy and Zeigler's surety, Travelers Companies, failed to seek timely intervention in the modification proceeding. Now, petitioner Crowe's counsel moves the court to award $13,268.75 in attorney fees and costs under the Black Lung Benefits Act, 33 U.S.C. § 928(a).

Respondent Travelers is now responsible for the surety bond that covers Zeigler's obligation to Crowe for benefits. Travelers offered no response to Crowe's motion for fees "in light of [this court's opinion] that Travelers had no right to intervene in the proceeding." In fact, there is no doubt that Travelers had a right to intervene if it had done so promptly. See *Crowe*, — F.3d at —, 2011 WL 2138140, at *5, citing 20 C.F.R. § 725.360(a)(4). It would be more accurate to say that although Travelers had a right to intervene, it waited too long to do so. The result was prolonged litigation and expense.

The statute providing for fee-shifting in black lung cases states that a claimant's attorney who assists in the "successful pursuit or successful defense" of an appeal is entitled to fees. 33 U.S.C. § 928(a); see also 20 C.F.R. § 802.203(a), (b). Travelers does not dispute that Crowe prevailed, that she is entitled to fees, or that the requested fee amount is reasonable. The most Travelers says to dispute a fee award against it is that we decided its intervention was improper.

That is not a persuasive reason to deny the fee award. Because of Travelers' failure to intervene in this action in a timely manner, Zeigler's modification proceeding was "improperly[] kept alive . . . , [obligating Crowe] to defend his award of benefits against a phantom litigant," and requiring this appeal. *Crowe*, — F.3d at —, 2011 WL 2138140, at *8. A fee-shifting statute can authorize a fee award against an unsuccessful intervenor who causes the prevailing party to incur additional fees. See *Moten v. Bricklayers, Masons and Plasterers Int'l Union of America*, 543 F.2d 224, 239 (D.C. Cir. 1976) (ordering unsuccessful intervenor to pay attorney fee to prevailing plaintiff under Title VII of Civil Rights Act of 1964). In a similar black lung benefit case, we found a surety liable for fees and costs where the surety prosecuted the appeal after failing to intervene in a timely manner in administrative proceedings. See *Old Ben Coal Co. v. Office of Workers' Compensation*, No. 06-2189, (7th Cir. April 30, 2007) (order in black lung benefits case granting attorney fees and costs against nonparty BP America), citing *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1995), which in turn cited *Moten*. The same reasoning applies here. The application for fees is **GRANTED,** and petitioner's attorney is entitled to recover from respondent Travelers Companies the amount of $13,268.75.