United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 02-41636
Summary Calendar

———————————————

DANIEL MITCHELL,

Plaintiff-Appellee,

versus

METROPOLITAN LIFE INSURANCE COMPANY,
doing business as Metropolitan Life Insurance
Company, doing business as Met Life,

Defendant-Appellant.

—————————————————————————————————

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 4:00-CV-374)

—————————————————————————————————

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Daniel Mitchell, by and through his counsel Barrett Keith Brown, sued

Metropolitan Life Insurance Co. ("MetLife") for breach of contract after MetLife

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

terminated Mitchell's long-term disability benefits under an employee welfare benefit plan governed by the Employee Retirement Investment Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. The district court granted summary judgment for MetLife, and MetLife sought attorney's fees from both Mitchell and Brown pursuant to the fee-shifting provisions of ERISA (29 U.S.C. § 1132(g)(1)), the general fee-shifting statute (28 U.S.C. § 1927), and the inherent authority of the court. The district court denied MetLife's request, and MetLife appealed. We affirm for the following reasons:

1.     "It is well settled that the district court has broad discretion in determining the appropriateness of an award of attorney's fees, and we review its award or denial thereof for an abuse of that discretion." Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000) (citing Todd v. AIG Life Ins. Co., 47 F.3d 1448, 1458 (5th Cir. 1995)). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1163 (5th Cir. 1994) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405-06 (1990)). "In order to hold that a factual finding is clearly erroneous, we must be left with a definite and firm conviction, from our review of the entire record, that a mistake has been committed. We may not view the evidence differently as a matter of choice, or substitute our judgment for a plausible assessment by the trial judge." Reich v. Lancaster, 55 F.3d 1034, 1051 (5th Cir. 1995)

2

2.	The district court applied the proper legal analysis when denying MetLife's motion for attorneys fees pursuant to ERISA's fee-shifting provision.[1] See Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980). A court must consider the following five factors to determine whether an award of attorney's fees is warranted under 29 U.S.C. § 1132(g)(1):

> "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions."

Bannistor v. Ullman, 287 F.3d 394, 408-09 (5th Cir. 2002) (quoting Bowen, 624 F.2d at 1266). The district court considered these five factors.

3.	Moreover, viewing the record as a whole we are not convinced that the district court's findings of fact were clearly erroneous. MetLife argues that Mitchell and Brown's pursuit of a meritless claim necessarily constitutes bad faith, that an award would deter plaintiffs from filing baseless suits, and that MetLife sought to benefit all plan participants by defending this suit. Thus, according to MetLife, the district court should have found that the first, third, fourth, and fifth Bowen

---

[1] ERISA's fee-shifting provision states that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

3

factors weigh in favor of an award of attorney's fees. We agree with the district court that there is no evidence that Mitchell acted in bad faith or was involved in any culpable conduct,[2] and thus the Bowen factors weigh against ordering Mitchell to pay MetLife's legal fees. As for Brown, each of MetLife's arguments on appeal depend on the proposition that Brown should have known Mitchell's suit was baseless, and thus Brown should be ordered to pay MetLife's resulting legal fees. This circuit has not had occasion to decide whether attorney's fees may be awarded against a party's counsel pursuant to 29 U.S.C. § 1132(g)(1). But see Corder v. Howard Johnson & Co., 53 F.3d 225, 232 (9th Cir. 1994) (noting that a plan fiduciary "may not be held liable for attorney's fees under ERISA because he is not an enumerated party bringing the ERISA action, nor was the action which was initiated against him brought by one of the enumerated parties") (emphasis added); Kirby v. G.E. Co., No. 598CV70-V, 2000 WL 343175, at *6 (W.D.N.C. 2000) (Horn, Magis. J.) (recommending counsel be required to pay one-half of an ERISA fee award); Ghorbani v. Pacific Gas & Elec. Co. Group Life Ins., 100 F. Supp. 2d 1165,1167 (N.D. Cal. 2000) (holding that fees may be awarded against a plaintiff's counsel if that counsel pursued the case on a contingent-fee basis); Loving v. Pirelli Cable Corp., 11 F. Supp. 2d 480, 495-97 (D. Del. 1998)

---

[2] After receiving benefits for nearly six years, Mitchell was notified that his injury was not within the scope of the plan's coverage and that he did not fit the plan's definition of disabled. It is not difficult to understand why Mitchell may have thought that MetLife breached a contract to pay him benefits based on his injury.

4

(imposing an award against plaintiff's counsel to satisfy the purposes of both Rule 11 and 29 U.S.C. § 1132(g)(1)). We decline MetLife's invitation to decide whether 29 U.S.C. § 1132(g)(1) authorizes an award of attorney's fees against the opposing party's counsel because we hold that MetLife failed to preserve the issue for appellate review. MetLife's motion for attorney's fees, and its subsequent Rule 60(b) motion, argued only that Mitchell's conduct warrants an award under § 1132(g)(1); it did not address whether that statute also authorizes an award against Brown, and it did not address whether Brown's conduct warrants an award under the Bowen factors. Issues raised for the first time on appeal are reviewed only for plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). As there is no binding authority for the proposition that a party's counsel can be ordered to pay an award pursuant to § 1132(g), and because the issue does not involve a purely legal question, there cannot be plain error.

4. MetLife also sought sanctions against Brown under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added). MetLife seeks to shift the entire cost of their defense to Brown pursuant to § 1927. In order to do so, MetLife must establish, by clear and convincing evidence, that "every facet of the litigation was

5

patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial." Proctor & Gamble Co. v. Amway Corp., 280 F.3d 519, 526 (5th Cir. 2002) (citations omitted). Putting aside that it would be unprecedented for this court to hold that a lower court abused its discretion by denying a § 1927 motion, the district court's determination that MetLife failed to produce clear and convincing evidence that Brown's conduct justified an attorney's fee award was not clearly erroneous. Mitchell was required to utilize the plan procedure to appeal the adverse disability determination, and summary judgment was proper on that ground. Filing an action that relates to an ERISA plan without first using the plan's appeal process may not have been good lawyering, but neither was it unreasonable and vexatious conduct under the facts of this case. Additionally, Brown's failure to respond to MetLife's motion for summary judgment did not unreasonably and vexatiously multiply the proceedings. It was within the district court's discretion to accept Brown's explanation of his actions, including his inability to contact his client regarding MetLife's motion for summary judgment. Accordingly, we hold that the district court did not abuse its broad discretion in denying MetLife's motion for fees pursuant to § 1927.

5.      Finally, MetLife argues that the court abused its discretion in denying sanctions in the form of an attorney's fees award under its inherent powers. See Chambers v.

6

NASCO, 501 U.S. 32, 44 (1991).  We affirm the district court's refusal to award MetLife fees pursuant to its inherent powers for the same reasons that we find no abuse of discretion in the court's decision to deny a fee award under § 1927.

AFFIRMED.